JOSEPH PLUMB, Respondent, v. ORRIN W. TUBBS, Appellant.

A condition in a deed that the grantee, his heirs and assigns shall not, at any time, manufacture, or sell, to be used as a beverage, any intoxicating liquor, or permit the same to be done on the premises conveyed, unless the grantor, his heirs or *assigns*, shall sell other land in the same village, without such restriction, or shall themselves manufacture or sell, or permit on their lands in the same village, to be manufactured or sold, such liquor to be used as a beverage.—*Held*, a valid condition, not repugnant to the grant; and the conveyance imposing forfeiture and giving a right of re-entry to the grantor upon breach of the condition, *held*, that the grantor may recover in ejectment, upon proof of the breach, without previous entry, demand or notice.

*Held*, further, that a conveyance by a grantee of the plaintiff of another lot in the same village without any such restriction, did not prevent forfeiture by the defendant, where the grant by the plaintiff to such other grantee contained such restriction; and this, although the restriction in the deed to the defendant was conditioned upon either the plaintiff or his *assigns* conveying other premises without such restriction.

*Held*, also, that the mere sale of a glass of liquor upon another lot in the

village, conveyed by the plaintiff, in the presence of the plaintiff, and without objection by him, was not such a "permission" by him, as came within the meaning of that expression in defendant's deed.

(Cause argued October 7th, 1869, and decided December 22d, 1869.)

APPEAL from a judgment of the General Term of the Supreme Court, in the eighth judicial district, affirming a judgment for the plaintiff at the Cattaraugus circuit.

This was an action of ejectment to recover the possession of land on account of the breach of a condition subsequent in a deed from the plaintiff, dated August 14th, 1857.

The deed conveyed the land in question to the defendant in fee, in consideration of $100, and contained a covenant of quiet enjoyment.

After the *habendum* is the condition, " Provided, always, and this indenture is made upon condition, that the said party of the second part, his heirs or assigns, shall not, at any time, manufacture or sell, to be used as a beverage, any intoxicating liquor, or permit the same to be done on the premises hereby conveyed, unless the said Joseph Plumb, his heirs or assigns, shall sell other land at the village of Cattaraugus without a similar restriction, or shall manufacture or sell such liquor to be used as a beverage at the said village, or permit the same to be done on any other land now owned by the said Joseph Plumb at the said village.  Provided, also, that this indenture is made upon the further condition, that if the said party of the second part, his heirs or assigns, shall violate the provision and condition aforesaid, or permit any violation thereof, then this indenture shall be void, and the said premises shall revert to and become the absolute property of the said party of the first part, their heirs or assigns, who may enter into possession thereof, and put out and remove the said party of the second part, his heirs or assigns, and any person holding under him or them."

The grantor's covenant of quiet enjoyment is declared to be " subject always to the condition relative to the sale and manufacture of intoxicating liquors."

The defendant entered into possession under the deed, and remained in possession to the time of the commencement of the action.

Before the commencement of the action, and in June, 1863, the defendant, while in possession under the deed, sold intoxicating liquors to be used as a beverage on the premises in question.

On the first day of October, 1853, the plaintiff conveyed, by a similar deed, with the same condition, to Young and Cross, three acres of land at said village; and on the same day Young and Cross conveyed the same to Alson Leavenworth by deed, in all respects similar to the deed from plaintiff to defendant; and on the 7th day of December, 1859, Alson Leavenworth conveyed the same with other lands, t) Alson E. Leavenworth, by quitclaim deed containing no restriction.

In August, 1858, the plaintiff conveyed a village lot at said village to one Mattox, by a deed similar to the one in question, and containing the same restriction; Mattox entered into possession under it, and while in possession, and prior to the sale by the defendant, sold intoxicating liquors to be used as a beverage.

In 1853 the plaintiff conveyed to one Ferris a village lot by a similar deed. On the same day Ferris conveyed to George Ferris and one Butterfield by a similar deed; and in October, 1854, George Ferris quit-claimed to Butterfield, without any restriction.

While George Ferris was in possession, and after the deed from plaintiff to defendant, and prior to the sale by defendant, Ferris sold one glass of ale, an intoxicating liquor, to a third party, but in plaintiff's presence.

There was no proof of an actual entry or demand of possession before the commencement of the action, other than the bringing of this action.

The jury found a verdict for the plaintiff for the premises described, subject to the opinion of the court upon a case to be made by the plaintiff. At a General Term of the eighth

district judgment was ordered on this verdict for the plaintiff. The defendant now appeals to this court.

*Amasa J. Parker,* for the appellant, that the deed conveyed a fee, and the condition was void and repugnant, cited *Piers* v. *Winn* (1 Ventr., 321); Pollerfen, 435; 2 Danvers' Abr., 22; 4 Kent, 129, 130; Co. Litt., 205, *b.,* 219, *b ;* 8 Coke, 90, *b. ;* 1 Washb. on Real Property, 2 Edm., 470; *Bank* v. *Davis* (21 Pick., 42); Coke Litt., 223, *a.; Gray* v. *Blanchard* (8 Pick., 288); Shep. Touch., 129, 131; *De Peyster* v. *McMichael* (6 N. Y., 467); *Strikely* v. *Butler* (Hob., 170); *Scovill* v. *Cahill* (Cro. Eliz., 107); *Newton* v. *Reid* (4 Sand., 141); *Bradley* v. *Reicotte* (3 Ves., 326); *Newkirk* v. *Newkirk* (2 Cai., 345); *Ware* v. *Cann* (10 Barn. & Cr., 433). That the conveyance from Leavenworth to Butterfield without restriction relieved the defendant from the condition, and that they were assigns of the plaintiff, he cited 2 Kent., 555; 2 Pars. on Contr., 13; Dyer, 66, *a.,* pl. 8; Moore, 11, pl. 40.

*A. G. Rice,* of counsel for the respondent, on the question of the lawfulness of the condition, cited *Nicoll* v. *Erie R. R.* (2 Kern., 121); *Van Rensselaer* v. *Ball* (19 N. Y., 100); *Collins' Manuf. Co.* v. *Marcy* (25 Conn., 242); *Craig* v. *Wells* (1 Kern., 315); *Gray* v. *Blanchard* (8 Pick., 284); *Sperry* v. *Pound* (5 Ohio, 189); *Hayden* v. *Slough* (5 Pick., 528); *Gillis* v. *Bailey* (17 N. H., 18); *Warner* v. *Bennett* (31 Conn., 468).

HUNT, Ch. J.    The appellant contends that the condition in the deed from Plumb is invalid, as being repugnant to the nature of the estate granted.    He cites authorities to the effect, that a condition annexed to a devise or conveyance in fee, that the devisee or purchaser, shall not alien, is void; that a condition that the feoffee shall not enjoy the land or take the profits, is void, and others of a similar character. The cases cited have been recognized as sound law from a very

early period, and may be conceded to be based upon sound principles. Wherever the condition in a deed is unlawful, impossible or repugnant to the nature of the estate granted, it is not to be enforced. (2 Bl. Com., 156–7; Coke Lit., 206 *a*, 206 *b*. ; Bac. Abr. Title, " Condition.") This condition is evidently neither unlawful nor impossible. Is it repugnant to the estate granted, that its use should be restricted by preventing thereon, the sale of intoxicating liquors as a beverage ? The cases in the books are numerous and uniform in holding that the use of the property in some directions, may be restricted. A condition that a school-house should not be erected on the premises, or a distillery, or a blast furnace, or a livery stable, or a machine shop for iron manufacture, or a powder magazine, or a hospital, or a cemetery, have been held to be valid conditions. (*Collins* v. *Marcy*, 25 Conn., 242; *Craig* v. *Wells*, 1 Kernan, 315 ; *Gray* v. *Blanchard*, 8 Pick, 284; *Sperry* v. *Pound*, 5 Ohio, 189 ; *Nicoll* v. *Erie Railway Co.*, 2 Kern., 121.)

The case of *Colt* v. *Towle*, in the English Chancery Appeals, so late as in June 1859, is like the one before us. The plaintiff sold a piece of land to trustees of a land society, who covenanted that the plaintiff should have the exclusive right of selling beer to any public house erected on the land. The defendant, a member of the society, acquired a portion of the land with notice of the covenant, and erected on it a public house, which he supplied with his own beer. The plaintiff filed his bill to restrain the defendant from supplying beer. It was objected : 1. That the covenant was void for uncertainty. 2. That there was a want of mutuality. 3. That the covenant was void as being in restraint of trade. The court held the objections to be insufficient, and sustained the bill. (Law Rep. Eq. Series, part 10, Oct., 1869, Chancery Appeals.)

It is said that a condition, which avoids a grant on account of the sale of a single glass of beer, is unreasonable and absurd, and therefore, void. It is said that a condition forbidding the keeping of a hotel or a saloon, where liquors are

regularly sold, might be valid, while one depending upon the sale of a single glass of liquor, would be trifling and ridiculous, and could not be sustained. The grantor in the present case, evidently belonged to that class of men, who consider the habitual use of intoxicating liquors, as a serious evil. He was the owner of a tract of land, which as I infer from the case, he purposed to have formed into a town or village, by the sale of lots to individuals who should build upon them. This would give to his property remaining unsold, the advantage of the enhanced price, resulting from such improvement. The increase of.inhabitants would give to himself and family the benefits of refined society. It was his opinion, as we may infer from his restrictive conveyances, that intemperance was a social evil, from which he desired to protect himself and his family. We may infer, in the same manner, that he considered his remaining property, as more valuable if located in a community, where no liquor was sold as a beverage, than where its use was permitted. These views and wishes cannot be pronounced unreasonable and absurd. The grantor had a right to hold them, and he had a right to use his property in a manner that would accomplish them.

Few men would object to the sale of a single glass of liquor as a beverage, if that were the end of it. The argument is made by the grantor, that one sale or one glass leads to another, and that the only way to prevent excess, is entirely to prevent its use. He argues that there is no limit, which can be placed upon its sale or use which will permit its moderate use, and which will insure that such use shall not become immoderate. To accomplish, therefore, his purpose of preventing intemperance, which he fears may reach his own family ; which he apprehends may increase taxation ; which he thinks will depreciate the value of his remaining property, he determines to adopt a method, which must certainly be effectual. He imposes a condition, that no intoxicating liquor in whatever form, or to whatever extent, shall be sold upon the premises granted. If faithfully observed, this condition would certainly produce the result desired by the grantor.

Whether this plan is wise or unwise, is not for us to say. No man is bound by law to be wise. He has a legal right to be wise or otherwise, in his own judgment or as his own caprice may determine. It is enough here, to say, that neither the purpose of the grantor, or his mode of accomplishing it can be pronounced unreasonable or absurd.

The question has also been recently considered in this court, and we need not go beyond that case to ascertain how the present question should be decided. (*Gibert* v. *Peteler,* 38 N. Y. R., 165.) In that case John C. Green paid the consideration money to one Davis, for the purchase of certain premises, which, at his request, were conveyed to one Bartlett, Green also owning other premises near by. Bartlett and wife afterward conveyed to Samuel M. Fox, the latter covenanting not to erect or suffer to be erected, any building or structure, whereby the view or prospect of the bay from any part of the dwelling-house of Green, should be obstructed or impaired. In case of breach, the premises were to be forfeited to Green, his heirs or assigns. After several intermediate conveyances, the title passed to the plaintiff, who contracted to sell and convey them to the defendant, the latter being required immediately to expend $20,000 on improvements. The defendant expended $23,831 in improvements upon the premises, then refused to complete his purchase, and rescinded and demanded compensation for his improvements, on the ground that the plaintiff could not convey a good title by reason of the covenant or condition aforesaid. This court held: 1st. That upon the facts above stated, the obligation not to obstruct Green's view, was a condition subsequent. 2d. That it was valid. 3d. That it afforded a sufficient ground for refusing to accept the title. It was accordingly decreed that the contract be rescinded, and that the defendant recover the value of the improvements made by him.

This case is decisive of the principal question before us.

The appellant contends also, that he is relieved from this condition, by the conveyance of the other lot from Butterfield to Ferris, on the 13th of October, 1854, without restriction.

By the original deed, the grantee was to be relieved from the condition, if the grantor, his heirs or assigns, "should sell other land without a similar restriction, or manufacture or sell such liquor, to be used as a beverage, at the said village, or permit the same to be done on any other land now owned by the said Joseph Plumb, at the said village."

This argument assumes, that by the conveyance from Butterfield to Ferris without restriction, the latter held the land freed from the condition. This is an error, the title passed from Plumb only subject to this condition. His deed was recorded, and the record was notice of its contents (if any was needed) to every subsequent purchaser. Whatever was contained in Ferris' deed or whatever was omitted therefrom, if he violated the condition in the original deed from Plumb, his title was forfeit, and Plumb could re-enter. (*Gibert* v. *Peteler, supra.*) This was exactly what was intended to be secured to the appellant in his deed. He covenanted not to sell intoxicating liquors as a beverage, but he did not intend to be thus restricted if Plumb allowed others to sell. If all were thus restricted, he was bound. The release was to result, if lands were sold to a purchaser, who should by such purchase obtain the right to sell liquors on the premises. Whether the restriction were contained in the last deed, is not so much the point, or whether the last purchaser was restricted. Ferris is thus restricted, and the appellant is not relieved from the condition of the deed. Neither do I think it certain that Butterfield is to be deemed an assignee of Plumb, within the meaning of the terms of this condition. The intention was to give this effect to the acts of Plumb or his heirs. (See *Tankerville* v. *Wingfield*, 6 Eng. Com. Law R., 246.)

There is no merit in the last objection, that Ferris sold one glass of ale to a third party in the presence of the plaintiff. If it had been stated that he had sold it with his assent, the case would have been different. In some circumstances the bodily presence of the plaintiff might be evidence of an assent to the sale. In others it would have no such effect. At the most, it was evidence from which the jury could have inferred

HAND — VOL. II.        57

an assent. If the defendant had desired to give 'it such effect, he should have submitted it to the jury for their decision.

It has been repeatedly held in this court, and in quite recent cases, that no proof of an actual entry or demand of possession, before commencing the action, was necessary. (*Cruger* v. *McLawry*, *ante* p. 219; *Hosford* v. *Ballard*, 39 N. Y., 147.)

Judgment should be affirmed, with costs.

All the judges concurring, except GROVER, J., who was inclined to think the condition repugnant, and MASON, J., who did not vote.

Judgment affirmed.