## RUCH *v.* ROCK ISLAND.

1. It is not necessary to the admissibility of a deposition, offered to prove the evidence given at a former trial by a witness who is now dead, that the deponent shall be able to give the exact language of such witness. The substance is all that the law requires, and the deponent may, in order to refresh his memory, recur to his notes taken at the trial.
2. *Morgan* v. *Railroad Company* (96 U. S. 716), wherein the law of Illinois touching dedications of real property is discussed, cited and approved.
3. The breach of conditions subsequent, which are not followed by a limitation over to a third person, does not, *ipso facto*, work a forfeiture of the freehold estate to which they are annexed. It only vests in the grantor or his heirs a right of action which cannot be transferred to a stranger, but which they, without an actual entry or a previous demand, can enforce by a suit for the land.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

Submitted by *Mr. Charles B. Waite* for the plaintiff in error, and by *Mr. W. C. Gondy* for the defendant in error.

MR. JUSTICE SWAYNE delivered the opinion of the court.

This is an action of ejectment. The plaintiff below is the plaintiff in error. There was a trial before Judge Drummond, and a verdict for the defendant. This verdict was vacated and a new trial ordered. The case was re-tried by Judge Blodgett. The jury again found for the defendant, and this judgment was

entered accordingly. Between the two trials the great Chicago
fire occurred, and all the files in the case were destroyed.
Among them were a deposition of Henry Powers and a depo-
sition of Hibbard Moore. At the time of the second trial both
deponents were dead. The depositions of Connelly and Harson
were offered to prove the contents of the depositions which had
been burned. Connelly deposed that he was the counsel for
the defendant at the first trial, and that he put the interroga-
tories to Powers when his deposition was taken. He then pro-
ceeded " to give the substance of the testimony of said Powers,
as given in his (Powers's) deposition, he, Connelly, refreshing
his recollection by notes taken, as witness said, by him at that
time." He said he gave "the main and principal points of
the deposition of the deceased witness, but could not give the
exact language." He also said he gave " the main and princi-
pal points of the cross-examination and re-examination of said
Powers, as given when said Powers's deposition was taken."
Harson deposed that he was the commissioner who took the
deposition of Powers and the deposition of Moore; that he re-
membered the substance of the testimony of each of those wit-
nesses, but was not able to give the exact language of either.
He then made a statement of the testimony of each as given
when his deposition was taken. To the admission of all this
testimony of Connelly and Harson the counsel for the plaintiff
in error objected. It was received, and he excepted.

There was no error in admitting the testimony. The pre-
cise language of the deceased witnesses was not necessary to be
proved. To hold otherwise would, in most instances, exclude
this class of secondary evidence, and in so far defeat the ends of
justice. Where a stenographer has not been employed, it can
rarely happen that any one can testify to more than the sub-
stance of what was testified by the deceased, especially if the
examination was protracted, embraced several topics, and was
followed by a searching cross-examination. It has been well
said that if a witness in such case, from mere memory, professes
to be able to give the exact language, it is a reason for doubting
his good faith and veracity. Usually there is some one present
who can give clearly the substance, and that is all the law
demands. To require more would, in effect, abrogate the rule

that lets in the reproduction of the testimony of a deceased witness. The uncertainty of human life renders the rule, as we have defined it, not unfrequently of great value in the administration of justice. The right to cross-examine the witness when he testified shuts out the danger of any serious evil, and those whose duty it is to weigh and apply the evidence will always have due regard to the circumstances under which it comes before them, and rarely overestimate its probative force. 1 Greenl. Evid., sect. 165, and notes.

The living witness may use his notes taken contemporaneously with the testimony to be proved, in order to refresh his recollection, and, thus aided, he may testify to what he remembers; or if he can testify positively to the accuracy of his notes, they may be put in evidence. Id., sect. 166, and notes.

The bill of exceptions discloses nothing wrong in the use of his notes made by Connelly.

At the trial in the court below the case turned upon questions of dedication. The theory of the plaintiff was that the property had been specially dedicated for schools and churches; and it was insisted that, there having been conveyances of parts of the premises by some of those bodies for other purposes, the conveyances were void, and that the parts so conveyed reverted to the dedicators, "their heirs or assigns." The city contended that the dedication was a general one to the public of the municipality.

At the close of the testimony on both sides, the plaintiff in error submitted eight prayers for instructions to the jury. The court declined to give any of them, but instructed at large, according to its own views of propriety and the exigencies of the case. The court had a right to do both; and if the instructions covered all the points, and presented them fully and fairly to the jury, the duty resting upon the judge was well discharged, and it was not error to refuse those asked for by the plaintiff. This is the settled rule in the courts of the United States, and it is a wise one. It prevents the jury from being confused by a multiplicity of counsels, and promotes the right administration of justice. *Labor* v. *Cooper*, 7 Wall. 565; *Indianapolis, &c. Railroad Co.* v. *Horst*, 93 U. S. 295.

Except as to a single point, — and that was in favor of the

plaintiff in error, — we think the charge of the learned judge was within the category we have laid down. It was strictly impartial. It covered the whole case; nothing that should have been said was omitted. It was well considered, and, with the exception named, stated clearly and correctly the law upon every legal point to which it adverted. The suggestions complained of, made by the judge to the jury, were warranted by the case as found in the record, and did not exceed the limits proper to be observed upon the occasion. *Nudd et al.* v. *Burrows, Assignee,* 91 U. S. 427.

In *Morgan* v. *Railroad Company* (96 U. S. 716), we had occasion recently to consider the law of dedications in Illinois. It is needless in this opinion to do more than refer to that case, without going over the same ground again.

The refusal to set aside the verdict and grant a new trial cannot be considered here. It was a matter resting in the discretion of the court. *Mulhall* v. *Keenan et al.,* 18 Wall. 342.

A few words as to the erroneous point in the charge will be sufficient. John W. Spencer was one of the original proprietors and one of the dedicators. He owned at the time of the dedication three-eighths of the premises. A conveyance was made to the plaintiff by his two children, who were his sole heirs-at-law. The plaintiff asked the court to instruct the jury that if his contention as to the facts was correct he was entitled to recover; and the court in the charge given instructed accordingly. It was not denied by the plaintiff that the title had passed, and that the estate had vested by the dedication. If the conditions subsequent were broken, that did not *ipso facto* produce a reverter of the title. The estate continued in full force until the proper step was taken to consummate the forfeiture. This could be done only by the grantor during his lifetime, and after his death by those in privity of blood with him. In the mean time, only a right of action subsisted, and that could not be conveyed so as to vest the right to sue in a stranger. Conceding the facts to have been as claimed by the plaintiff in error, this was fatal to his right to recover, and the jury should have been so instructed. *Webster* v. *Cooper,* 14 How. 488; *Davis* v. *Gray,* 16 Wall. 203; 1 Shep. Touch. 149; *Winn* v. *Cole's Heirs,* 1 Miss. 119; *Southard* v. *Central*

*Railroad Co.*, 26 N. J. L. 13 ; *Rector, &c. of King's Chapel* v. *Pelham*, 9 Mass. 501 ; *Parker* v. *Nichols*, 7 Pick. (Mass.) 111 ; *Nicholl* v. *New York & Erie Railroad Co.*, 12 Barb. (N. Y.) 460 ; *Bank* v. *Kent*, 4 N. H. 221 ; *Cross* v. *Carson*, 8 Blackf. (Ind.) 138 ; *Hooper* v. *Cummings*, 45 Me. 359 ; *Propagation of the Gospel in Foreign Parts*, 2 Paine, 545 ; *Underhill* v. *Saratoga & Washington Railroad Co.*, 20 Barb. (N. Y.) 455 ; *Shannon, Adm'r,* v. *Fuller*, 20 Ga. 566 ; *Thompson* v. *Bright*, 1 Cush. (Mass.) 428.

Bringing suit for the premises by the proper party is sufficient to authorize a recovery, without actual entry or a previous demand of possession. *Cornelius* v. *Ivins*, 2 Dutch. (N. J.) 376.

The judgment of the Circuit Court is

*Affirmed.*