## COWELL v. SPRINGS COMPANY.

1. A condition in a deed conveying land that intoxicating liquors shall never be manufactured, sold, or otherwise disposed of as a beverage in any place of public resort thereon, and that if this condition be broken by the grantee, his assigns or legal representatives, the deed shall become null and void, and the title to the premises revert to the grantor, is not repugnant to the estate granted, nor is it unlawful or against public policy.

2. Upon breach of the condition, the grantor has a right to treat the estate as having reverted, and, under a statute of Colorado, can maintain ejectment without a previous entry or a demand.

3. In such a suit, the grantee is estopped from denying the validity of the title conveyed by the deed whereunder he took possession of the land.

4. When a patent issued by the United States adds to the name of the patentee the word "trustee," without mention of any trust upon which he is to hold the land, such addition does not prevent the legal title from passing by the patentee's conveyance. If a trust be in fact created, it is for the *cestui que trust*, and no one else, to complain of the non-execution thereof.

5. By the general comity which, in the absence of positive direction to the con-

trary, obtains through the States and Territories of the United States, corporations created in one State or Territory are permitted to carry on any lawful business in another, and to acquire, hold, and transfer property there equally as individuals.

6. When a corporation is authorized by statute to hold real property necessary to enable it to carry on its business, the inquiry whether any particular real property is necessary for that business is a matter between the State and the corporation, which does not concern third parties.

ERROR to the Supreme Court of the Territory of Colorado. The facts are stated in the opinion of the court.

*Mr. H. C. Alleman* for the plaintiff in error.
*Mr. F. W. Pitkin* for the defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

In May, 1873, the plaintiff in the court below, the Colorado Springs Company, sold and conveyed to the defendant, Cowell, two parcels of land, situated in the town of Colorado Springs, in the then Territory of Colorado. The deed of conveyance stated that the consideration of its execution was $250, and an agreement between the parties that intoxicating liquors should never be manufactured, sold, or otherwise disposed of as a beverage in any place of public resort on the premises. And it was expressly declared that in case this condition was broken by the grantee, his assigns or legal representatives, the deed should become null and void, and the title to the premises conveyed should revert to the grantor; and that the grantee in accepting the deed agreed to this condition. The defendant went into possession of the premises under the deed, and soon afterwards opened a billiard saloon in a building thereon, which became a place of public resort, where he sold and disposed of intoxicating liquors as a beverage. The grantor thereupon brought the present action of ejectment for the possession of the premises, the title to which, it claimed, had reverted to it upon breach of the condition contained in its deed; and it recovered judgment. It does not appear that the company had made any previous entry upon the premises or any demand for their possession.

The principal questions, therefore, for our determination are the validity of the condition, and, on its breach, the right of

the plaintiff to maintain the action without previous entry or demand of possession.

The validity of the condition is assailed by the defendant as repugnant to the estate conveyed. His contention is, that as the granting words of the deed purport to transfer the land, and the entire interest of the company therein, he took the property in absolute ownership, with liberty to use it in any lawful manner which he might choose. With such use the condition is inconsistent, and he therefore insists that it is repugnant to the estate granted. But the answer is, that the owner of property has a right to dispose of it with a limited restriction on its use, however much the restriction may affect the value or the nature of the estate. Repugnant conditions are those which tend to the utter subversion of the estate, such as prohibit entirely the alienation or use of the property. Conditions which prohibit its alienation to particular persons or for a limited period, or its subjection to particular uses, are not subversive of the estate : they do not destroy or limit its alienable or inheritable character. Sheppard's Touchstone, 129, 131. The reports are full of cases where conditions imposing restrictions upon the uses to which property conveyed in fee may be subjected have been upheld. In this way slaughter-houses, soap-factories, distilleries, livery-stables, tanneries, and machine-shops have, in a multitude of instances, been excluded from particular localities, which, thus freed from unpleasant sights, noxious vapors, or disturbing noises, have become desirable as places for residences of families. To hold that conditions for their exclusion from premises conveyed are inoperative, would defeat numerous arrangements in our large cities for the health and comfort of whole neighborhoods.

The condition in the deed of the plaintiff against the manufacture or the sale of intoxicating liquors as a beverage at any place of public resort on the premises, was not subversive of the estate conveyed. It left the estate alienable and inheritable, and free to be subjected to other uses. It was not unlawful nor against public policy, but, on the contrary, it was imposed in the interest of public health and morality.

A condition in a deed, not materially different from that under consideration here, was held valid and not repugnant to

the grant by the Court of Appeals of New York in *Plumb* v. *Tubbs*, 41 N. Y. 442. And a similar condition was held by the Supreme Court of Kansas to be a valid condition subsequent, upon the continued observance of which the estate conveyed depended. 14 Kan. 61. See also *Doe* v. *Keeling*, 1 Man. & Sel. 95, and *Gray* v. *Blanchard*, 8 Pick. (Mass.) 283.

We have no doubt that the condition in the deed to the defendant here is valid and not repugnant to the estate conveyed. It is a condition subsequent, and upon its breach the company had a right to treat the estate as having reverted to it, and bring ejectment for the premises. A previous entry upon the premises, or a demand for their possession, was not necessary. By statute in Colorado it is sufficient for the plaintiff in ejectment to show a right to the possession of the demanded premises at the commencement of the action as heir, devisee, purchaser, or otherwise. The commencement of the action there stands in lieu of entry and demand of possession. See also *Austin* v. *Cambridgeport Parish*, 21 Pick. (Mass.) 215; *Cornelius* v. *Ivins*, 2 Dutch. (N. J.) 376; *Ruch* v. *Rock Island*, 97 U. S. 693.

The other objections urged to the title of the plaintiff are equally untenable. It seems that its title is derived through mesne conveyances from one Lamborn, to whom, in September, 1870, a patent of the United States was issued embracing the demanded premises. This patent adds to Lamborn's name the word " trustee," without mention of any trust upon which he is to hold the property. It is therefore contended that he must be considered as holding it for some undeclared use of the grantor, and that consequently he could not convey it without the consent or direction of the latter, in this case the government. But the answer to this position is given in the patent itself, by the recital that the land was purchased by the patentee of the government, thus negativing the inference that the latter retained any interest in the property or advanced the purchase-money. And besides, if any trust was in fact created, it was for the *cestui que trust,* and no one else, to complain of the action of the patentee and enforce the trust: it did not prevent the legal title from passing by his conveyance. Perry, Trusts, sect. 334.

In March, 1872, the patentee conveyed the premises to the National Land Improvement Company of El Paso County, Colorado, a corporation created under the laws of Pennsylvania, with power to receive, hold, and grant real and personal property ; explore, locate, and improve lands ; transport emigrants and merchandise ; construct houses and buildings ; manufacture, trade, and traffic ; colonize, organize, and form settlements ; operate mineral and other lands, and improve and work the same, provided such lands be located in Utah, Arizona, or adjoining States and Territories lying west of the Mississippi ; and to do such acts as should be necessary to promote the success of the corporation and the public good. The defendant contends that this corporation, invested with these extensive powers to settle up the country and advance its own interests and the public welfare, had not the capacity to act in the Territory of Colorado, and to hold and convey real property there. By the law of March 2, 1867, then in force, the legislatures of the several Territories of the country were prohibited from granting private charters, and were only authorized to create by general law corporations for mining, manufacturing, and other industrial pursuits.   14 Stat. 426.   His position is that Congress intended to prevent the creation of corporations like this one of Pennsylvania, as the extensive powers granted to it tended to monopolize landed estates for purposes of speculation, and thereby injure the agricultural, mining, and manufacturing interests of the country ; and if a domestic corporation could not be created with such powers for reasons of public policy, a foreign corporation could not for like reasons be permitted to exercise them in the Territory.   The answer to this position is found in the general comity which, in the absence of positive direction to the contrary, obtains through the States and Territories of the United States, by which corporations created in one State or Territory are permitted to carry on any lawful business in another State and Territory, and to acquire, hold, and transfer property there equally as individuals.   If the policy of the State or Territory does not permit the business of the foreign corporation in its limits, or allow the corporation to acquire or hold real property, it must be expressed in some affirmative way ; it cannot be inferred from the fact

that its legislature has made no provision for the formation of similar corporations, or allows corporations to be formed only by general law. Telegraph companies did business in several States before their legislatures had created or authorized the creation of similar corporations; and numerous corporations existing by special charter in one State are now engaged, without question, in business in States where the creation of corporations by special enactment is forbidden.

The National Land and Improvement Company, the day following the receipt of the deed of Lombard, conveyed the premises to the plaintiff, the Colorado Springs Company. This company was incorporated in 1871 for the purpose of aiding, encouraging, and inviting immigration to the Territory, and to purchase, hold, and dispose of lands, town lots, mineral springs, and other property; also to construct and operate ditches, wagon-roads, and railroads, and mills for manufacturing lumber, and generally to do all things authorized by the laws of the Territory which might tend to accomplish the purposes stated. At that time the legislature was restricted, as already mentioned, in its power to create by general law corporations. It was not empowered to authorize the formation of companies to aid and encourage immigration, and for that purpose to take, possess, and convey real property in the Territory. Therefore the defendant contends that the company could not acquire a right to the premises in controversy. But the answer to this position is, that, for some of the purposes designated in the articles of incorporation, the law in existence authorized the incorporation of companies; therefore the incorporation here was not wholly illegal: a corporate body competent to exercise some of the powers mentioned was created, and under the statute of the Territory could acquire and hold or convey, by deed or otherwise, any real or personal estate whatever, necessary to enable it to carry on its business. Whether the particular premises in controversy are necessary for that business is not important; that is a matter between the government of the State, succeeding that of the Territory, and the corporation, and is no concern of the defendant. It would create great inconveniences and embarrassments if, in actions by corporations to recover the possession of their real

property, an investigation was permitted into the necessity of such property for the purposes of their incorporation, and the title made to rest upon the proof of that necessity. *Natoma Water and Mining Co.* v. *Clarkin*, 14 Cal. 552.

But there is another and general answer to this objection. The defendant, as already stated, went into possession of the premises in controversy under the deed of the plaintiff. He took his title from the company, with a condition that if he manufactured or sold intoxicating liquors, to be used as a beverage, at any place of public resort on the premises, the title should revert to his grantor; and he is therefore estopped, when sued by the grantor for the premises, upon breach of the condition, from denying the corporate existence of the plaintiff, or the validity of the title conveyed by its deed. Upon obvious principles, he cannot be permitted to retain the property which he received upon condition that it should be restored to his grantor on a certain contingency, by denying, when the contingency has happened, that his grantor ever had any right to it. *Gill* v. *Fauntleroy*, 8 B. Mon. (Ky.) 185; *Miller* v. *Shackleford*, 4 Dana (Ky.), 287, 288; *Fitch* v. *Baldwin*, 17 Johns. (N. Y.) 161.

*Judgment affirmed.*