SIOUX CITY & ST. PAUL RAILROAD Co. *vs.* LAWRENCE SINGER *et al.*

49 301
49 308

Argued Jan. 7, 1892.   Decided April 11, 1892.

**Condition Subsequent in a Conveyance of Real Estate.**—The conveyance of an estate in fee, with the express condition that intoxicating liquor should not be there sold as a beverage, etc., construed as on its face a condition subsequent.

**Same—Valid Unless Shown to be Merely Nominal.**—Such a condition is valid, at least if the grantor had any special interest in its observance, and, in the absence of proof upon that subject, it cannot be held void. On its face it is valid, and cannot be declared to be "merely nominal."

**Record is Notice of the Condition.** — The conveyance being recorded, succeeding purchasers take with notice of, and subject to, the condition.

**Re-entry not Necessary to Ejectment.**—One entitled to recover the possession of real estate may prosecute an action therefor without first performing the common-law ceremony of re-entry.

Appeal by plaintiff, the Sioux City & St. Paul Railroad Company, from a judgment of the District Court of Nobles County, *Severance* and *Brown*, JJ., entered August 20, 1891.

Plaintiff brought this action against Lawrence Singer and Jacob Harder to recover possession of a lot fronting on Tenth street in the Village of Worthington, Nobles County, Minn.   The defendants answered denying that plaintiff had any title to the lot.   A jury was waived, and the issues tried before Hon. *M. J. Severance,* Judge of the Sixth Judicial District, and Hon. *P. E. Brown,* Judge of the Thirteenth Judicial District, sitting together.   They found from the evidence that, in the summer of 1883, Singer erected a building on the lot, and then leased the property to Harder, to be used for the sale of intoxicating liquors as a beverage to be drunk on the premises, and that the building and property had for five years next prior to the commencement of this action been habitually used by Harder for that business, with the knowledge and consent of Singer.

On July 17, 1872, the Railroad Company was the owner of the lot, and on that day, for $200, sold and conveyed it to Samuel C. Highley by warranty deed with full covenants.   But there were inserted in

the deed immediately after the description of the real estate conveyed, and before the *habendum* clause, these words, viz.:

"This conveyance is made and accepted on the express condition that intoxicating liquors shall never be sold or vended as a beverage to be drunk on the premises, and if the same is done habitually, with the knowledge and consent of the owner, this instrument shall be void."

There was in the deed no other reference to or mention of any condition or qualification of the title in fee simple which was otherwise conveyed by it. The deed was on July 31, 1872, recorded in the Registry of Deeds of that county. Highley conveyed the lot August 5, 1872, to Crosby, who died testate in 1874, devising it to his widow, who on June 29, 1878, conveyed it to Harriet J. Davis, and she conveyed it May 10, 1883, to defendant Singer. None of the conveyances subsequent to the one to Highley contained this or any similar condition, or any mention of it, or reference to it.

The learned Judges who sat at the trial expressed the opinion that under the evidence there would be no doubt of plaintiff's right to recover were it not for the provision of 1878 G. S. ch. 45, § 46, which they thought controlled the case, citing *Barrie* v. *Smith*, 47 Mich. 130. They accordingly held that the remote grantee ought not to lose his title to the land unless the condition violated saved some actual and substantial benefit to the original grantor, and they directed judgment to be entered for defendants. This was done, and plaintiff appeals therefrom.

*Daniel Rohrer,* for appellant.

The condition in the deed is valid, and it runs with the land, and it affects its use, and the purpose to which it may be put; and, on the breach of the condition, the instrument becomes absolutely void. *Collins Mfg. Co.* v. *Marcy,* 25 Conn. 242; *Plumb* v. *Tubbs,* 41 N. Y. 442; *Cowell* v. *Springs Co.,* 100 U. S. 55; *O'Brien* v. *Wetherell,* 14 Kan. 616; *Stines* v. *Dorman,* 25 Ohio St. 580; *Titus* v. *Lewis,* 33 Ohio St. 304; *Foxcroft* v. *Mallett,* 4 How. 353; *Gray* v. *Blanchard,* 8 Pick. 284; *Kettle River R. Co.* v. *Eastern Ry. Co. of Minnesota,* 41 Minn. 461; *Atlantic Dock Co.* v. *Leavitt,* 54 N. Y. 35; *Farnham* v. *Thompson,* 34 Minn. 330; *Sanborn* v. *City of Minneapolis,* 35 Minn. 314; *Verplanck*

*v. Wright,* 23 Wend. 506; *Ecke* v. *Fetzer,* 65 Wis. 55; *Norman* v. *Wells,* 17 Wend. 136.

1878 G. S. ch. 45, § 46, does not require that the condition, in order to be valid, should on its face save some actual and substantial benefit to the original grantor. The condition in the deed does ·not show that it is merely nominal, or that there was not an intention to reserve an actual and substantial benefit. Unless the court·can say there was no intention that any actual or substantial benefit should ever come from the fulfillment of the condition, it must stand and be enforced. When the plaintiff made this deed, ·it was a railroad corporation, and owned and platted the town site of Worthington, and was interested in its prosperity. The drinking of intoxicating liquors was then, and still is, prejudicial to plaintiff's interests. It tends to inflame to riot and acts of violence. Nor can it be doubted by any observing and intelligent person that the use of intoxicating liquors is the fruitful source of many of the evils that affect society. Pauperism, vice, and crime are the usual concomitants of the unrestrained indulgence of the appetite for strong drink. Impoverishment of families, the imposition of public burdens, insecurity of life and property, are consequent upon the evil of intemperance. It was never imagined that the clauses in the statutes fixing limits within which liquors should be sold were merely nominal, and evinced no intention on the part of the lawmakers to benefit the community. It is not necessary that a corporation which has employes in its service should show that liquor was in fact furnished them. · It has the right to protect them from temptation, and may do this in the most effectual manner by interdicting the traffic on any property that it may sell.

No right of re-entry need be reserved in the condition, nor need there be in fact any re-entry or demand for possession, or notice to quit. *McClane* v. *White,* 5 Minn. 178, (Gil. 139;) *Cornelius* v. *Ivins,* 26 N. J. Law, 376; *Plumb* v. *Tubbs,* 41 N. Y. 442; *Gray* v. *Blanchard,* 8 Pick. 284.

*Geo. W. Wilson,* for respondent.

Where a condition in a deed of land has the effect to defeat an estate already vested, such condition is not favored in law, and must

be strictly construed, not only as to its terms, but also whether it be a condition at all. Conditions are not to be raised by inference. *Ludlow* v. *New York & H. R. R. Co.*, 12 Barb. 440; *Wier* v. *Simmons*, 55 Wis. 637; *Bradstreet* v. *Clark*, 21 Pick. 389; *Voris* v. *Renshaw*, 49 Ill. 425; *Martin* v. *Ballou*, 13 Barb. 119; *Crane* v. *Hyde Park*, 135 Mass. 147; *Rawson* v. *Uxbridge School-Dist.*, 7 Allen, 125; *Merrifield* v. *Cobleigh*, 4 Cush. 178; *Lynde* v. *Hough*, 27 Barb. 415.

If this condition is held good to the extent of forfeiting the estate, then the plaintiff has waived that forfeiture and its rights thereunder, by not raising an objection for eight years past, during all which time this liquor business has been going on upon the property.

The courts construe such a condition as a covenant, rather than a condition subsequent, whenever it is practicable. *Hoyt* v. *Kimball*, 49 N. H. 322; *Thornton* v. *Trammell*, 39 Ga. 302; *Packard* v. *Ames*, 16 Gray, 327; *Voris* v. *Henshaw*, 49 Ill. 425.

1878 G. S. ch. 45, § 46, was copied from Michigan, and is quoted in *Barrie* v. *Smith*, 47 Mich. 130, and, as therein construed, supports the judgment appealed from.

This case is not to be decided upon moral grounds, nor is it an effort to enforce a police regulation. It does not proceed upon any such theory, but only on the ground of contract. It is an unconscionable suit, and the judgment should be affirmed.

DICKINSON, J. This is an action of ejectment. The facts of the case are as follows:

The premises consist of parts of two lots in the village of Worthington. In 1872 the plaintiff, then the owner of the land, conveyed it by deed, which was then recorded, and which embraced this condition: "This conveyance is made and accepted on the express condition that intoxicating liquors shall never be sold or vended, as a beverage, to be drunk on the premises, and, if the same is so done, habitually, with the knowledge and consent of the owner, this instrument shall be void." Through several intermediate conveyances the land passed to the defendant Singer in 1883, and ever since that time intoxicating liquors have been habitually sold, to be drank on these premises with his knowledge and consent. Judgment was

directed and entered for the defendants, the provisions of 1878 G. S. ch. 45, § 46, being regarded as applicable to and controlling the decision of the case. This section is as follows: "When any conditions annexed to a grant or conveyance of lands are merely nominal, and evince no intention of actual or substantial benefit to the party to whom or in whose favor they are to be performed, they may be wholly disregarded, and a failure to perform the same shall in no case operate as a forfeiture of the lands conveyed subject thereto." The findings of the court do not show whether or not the plaintiff has, or ever had, any special interest in the enforcement of the condition by reason of its ownership of other lands, or for any other reason. The absence of any finding concerning that matter is explained in the memorandum of the judges, filed with their decision, where it is stated that there was no evidence upon the subject.

The language of the above-recited clause in the deed is such that it must be regarded, if valid, as a condition subsequent, the breach of which would work a forfeiture of the estate granted. It is the language of a condition, and not of a covenant. There is no ambiguity or uncertainty in its meaning; no room for construing it to be anything different from what it is declared to be,—a *condition* upon which the estate is granted. Nor is the condition repugnant to the estate conveyed. The authorities to be hereafter cited are applicable here. See, also, *Farnham* v. *Thompson*, 34 Minn. 330, 337, (26 N. W. Rep. 9.)

It is well settled that an owner of lands may annex such a condition as this to his conveyance, even of the fee, at least if he has any special and substantial interest in the enforcement of the condition. *Plumb* v. *Tubbs*, 41 N. Y. 442; *Cowell* v. *Springs Co.*, 100 U. S. 55; *Smith* v. *Barrie*, 56 Mich. 314, (22 N. W. Rep. 816;) *Collins Mfg. Co.* v. *Marcy*, 25 Conn. 242; *O'Brien* v. *Wetherell*, 14 Kan. 616; *Gray* v. *Blanchard*, 8 Pick. 284; and see *Pepin Co.* v. *Prindle*, 61 Wis. 301, (21 N. W. Rep. 254.) Whether such a condition would be deemed void, upon grounds of public policy, if it should appear that the grantor had no such interest, we do not decide. Upon the face of the deed nothing appears which could render void the express condition upon which the conveyance is made

and accepted. A grantor may, at least under some circumstances, effectually impose such a condition upon a conveyance of the estate; and it is not necessary, in order to make *prima facie* valid the condition expressed in the deed, that the deed shall set forth or recite the peculiar facts which may legally justify the grantor in annexing the condition to the grant. On its face the condition is effectual. It attends and qualifies the grant. The estate is conveyed and accepted in terms subject to it. If this condition is to be avoided, because in the particular case the circumstances of the grantor were not such as to authorize him to thus restrict or qualify the conveyance of his estate, it can be only upon affirmative proof of the fact relied upon for that purpose. If not thus avoided, the deed must have effect according to its terms, to which the parties have assented.

The statute above recited does not, in our opinion, qualify these propositions. Its language is, *"when any conditions* annexed *to a grant or conveyance of lands are merely nominal,* and evince no intention of actual or substantial benefit," etc., they may be disregarded. This has no relation to the subject of the burden of proof, where evidence may be necessary to disclose the fact, but to the *fact itself,* either as evinced by the deed, where, upon its face, the condition is obviously of no real beneficial nature, or where, the deed not disclosing the fact to be so, it is made apparent by extraneous proof. The words "evince no intention" mean "evince *an absence of* intention." It may be apparent, from the very nature of the condition, that it was not intended to confer or reserve any real benefit to the grantor or to any other person. Such, for instance, would be a condition, annexed to the granting of a fee, that the grantee should yearly deliver an ear of corn to the grantor, or render any specified, but unsubstantial, service. To such a case the statute would apply. Again, a condition may be such that proof beyond the deed itself would be necessary to disclose the fact whether the expressed condition was or was not substantially beneficial. We will suppose that the owner of a lot conveys it with the express condition that no building shall be erected on it for a period of ten years. It cannot be said from its terms that this condition was not reasonably intended to be, or that it was not, actually beneficial to the grantor. To such a case,

no more being shown, the statute is not applicable. The court cannot declare the condition to be "merely nominal," and to "evince no intention of actual or substantial benefit." It requires that the court be further informed as to facts not disclosed by the deed, before it can declare the condition, to which the parties have solemnly agreed, to be of no legal effect. If the grantor should be found to own adjoining lands which were so improved that the erection of a building upon the granted lot would seriously impair their value and usefulness, the condition would, without doubt, be valid. On the other hand, the grantee, to defeat the condition, might show that the grantor had no actual or prospective interest in the adjoining premises, was in no manner concerned in them or in their use, and that they were unimproved. He might thus show himself entitled to the benefit of the statute, if, indeed, the statute confers any benefit beyond what the common law would give. We think that the court erred in disregarding the condition, in the absence of any proof that the plaintiff had no special interest in the observance of the condition. We have not overlooked the case of *Barrie* v. *Smith*, 47 Mich. 130, (10 N. W. Rep. 168,) but upon this point we must decline to follow it.

The condition upon which the estate was originally granted attended it through the several succeeding conveyances. The successive purchasers bought with constructive notice of it.

If, by reason of the breach of the condition subsequent, the plaintiff had a right to re-enter, it was not necessary that the common-law ceremony of a re-entry be performed, as a condition precedent to the prosecution of an action to recover the possession of the property. *Plumb* v. *Tubbs, supra; Cornelius* v. *Ivins,* 26 N. J. Law, 376; *Ruch* v. *Rock Island,* 97 U. S. 693; *Lessee of Rugge* v. *Ellis,* 1 Bay, 107, 111; and see Adams, Eject. 10. Whatever necessity there may have anciently been for such a proceeding, the reason for it ceased with the disappearance of the fictions and devices resorted to, upon which to found the action of ejectment.

The appellant asks that, if the judgment be reversed, we direct judgment in its favor upon the findings of the court. We decline to do this, for there may be other questions presented by the case, but

not covered by the findings, such as that of acquiescence or waiver, and which the trial court, upon its theory of the case, did not deem it necessary to consider.

Judgment reversed.

(Opinion published 51 N. W. Rep. 905.)

*Daniel Rohrer,* for appellant.
*Geo. W. Wilson,* for respondents.