Jetter v. Lyon.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.

BALTHAS JETTER ET AL. V. WALDO H. LYON ET AL.

FILED DECEMBER 2, 1903.    No. 13,211.

1. **Heirship: PROOF.** Proof of heirship is not confined to the records of the probate court alone, but may be established by the testimony of any one who knows the facts constituting such relation.

2. **Deed: CONDITION RUNNING WITH LAND.** A condition in a deed conveying real estate, by which it is provided, "That no malt, spirituous or vinous liquors shall be kept or disposed of on the premises conveyed, and that any violation of this condition, either by the grantee or any person claiming rights under him or her, shall render the conveyance void, and cause the premises to revert to the grantor, his heirs and assigns," is a valid condition subsequent which, until broken, runs with the land.

3. ———: **BREACH OF CONDITION: EJECTMENT.** On a breach of such condition the grantor, if living, or, if dead, his heirs may claim a reversion of the estate and can maintain an action in ejectment to recover it.

4. **No Waiver.** Record examined, and *held* that such right had not been waived by either the grantor or the plaintiffs.

ERROR to the district court for Burt county: IRVING F. BAXTER, JUDGE. *Affirmed.*

*A. S. Ritchie, H. Wade Gillis, Harrison H. Bowes* and *Timothy J. Mahoney,* for plaintiffs in error.

*Albert W. Jefferis* and *Frank S. Howell, contra.*

BARNES, C.

This was an action in ejectment commenced in the district court for Burt county by Waldo H. Lyon, John Lyon and Mary E. Smith, sole heirs at law of Waldo Lyon, deceased, against Balthas Jetter and John Carlow, to recover

the east half of lot 11, in block 8, in the incorporated village of Lyons, in said county. The trial in the district court resulted in a judgment for the plaintiffs, and defendants prosecute error.

It appears that Waldo Lyon (now deceased) owned the land on which the village of Lyons is situated; that he laid it out into a townsite for said village, and duly dedicated it for that purpose; that on the 8th day of November, 1880, he sold the premises in question to one James H. Ramey, and conveyed the same to him by a deed, which contained the following condition:

"I, Waldo Lyon, in consideration of $50 in hand paid (and the further consideration that no malt, spirituous or vinous liquors shall be kept or disposed of on the premises herein conveyed; any violation of this condition, either by the grantee or any person claiming rights under him or her, shall render this conveyance void and cause the said premises to revert to Waldo Lyon, his heirs and assigns) do hereby grant, bargain, sell and convey and confirm unto James H. Ramey," etc.

That, thereafter, Jetter obtained title to the premises through several mesne conveyances, all of which contained the condition above set forth; that he leased the property to John Carlow, and that they were jointly in possession of it at the time the action was commenced; that said lease to Carlow was for the purpose of enabling him to conduct a saloon on the premises; that he had a license for that purpose and was engaged in the sale of malt, spirituous and vinous liquors thereon at that time; that Waldo Lyon died before the premises were conveyed to Jetter, and that plaintiffs claimed the right to recover as heirs at law of the said Waldo Lyon under the condition contained in the original deed from their father to Ramey and by reason of the violation thereof. The plaintiffs in error contend that the judgment is not sustained by sufficient evidence: First, because there was no competent proof of heirship on the part of the plaintiffs below; second, because there has been a waiver of the conditions contained in the deed by

both the deceased and his heirs; third, because the restriction limits the violation of the condition in the deed to the grantee and any person claiming rights under him, and not to persons claiming title through him. We will dispose of these questions in the order in which they are presented.

It is contended that the only competent proof of heirship is a finding and judgment of that fact by the probate court of Burt county; which, it is claimed, had original and exclusive jurisdiction over that matter. This contention can not be sustained. Heirship may be proved in many ways. In *Cuddy v. Brown*, 78 Ill. 415, there were several persons joined as plaintiffs who claimed as heirs of a deceased person. They proved by parol evidence that the deceased originally came from a certain place in Ireland, and that he often, among his friends, had spoken by name of his father, brothers, half-brothers and a sister residing in that place, and they then proved that their father lived in the same locality; that it was a common repute in their family that they had an uncle in America of the same name as the deceased; that their father had brothers, a half-brother and a sister, and that their names correspond with the names mentioned by the deceased, and that the name of their parental grandfather corresponded with that of the father of the deceased as given by him, and that the claimants were the sole surviving descendants of their father, and that all his brothers, sisters and half-brothers were dead, and had no descendants surviving. It was held that these facts constituted a sufficient proof to the heirship of the claimants. See also 2 Greenleaf, Evidence (16th ed.), secs. 353-355. Again, one may establish ownership to real estate as the heir of a deceased person, even where no probate proceedings whatever have been had relating to the estate of the deceased. In this state our district courts have jurisdiction in ejectment suits, and the heirs of a deceased person, even before the estate is probated, may maintain ejectment as to all persons, except the executor or administrator. *Lewon v. Heath*, 53

Neb. 707. The record in this case shows that Waldo H. Lyon testified that he and his coplaintiffs were the only surviving children and heirs at law of Waldo Lyon, the grantor in the deed in question. Such evidence was clearly competent. It may be further stated that so much of the record of the probate court of Burt county as shows a settlement of the estate of Waldo Lyon, deceased, and a distribution of the property left by him to his heirs, the identical plaintiffs in this suit, was put in evidence by the plaintiffs below; so that this objection is without merit, and we hold that there was sufficent evidence of heirship to sustain the judgment.

. It is claimed that there has been a waiver of the conditions contained in the deed from Waldo Lyon to James H. Ramey, both by the deceased and by his heirs who bring this suit. To support this contention certain deeds, executed by the deceased, conveying other lots to other persons, were introduced in evidence. An examination of these deeds shows that the only difference between them and the one in question is, that the reversion contained in them is restricted to Waldo Lyon alone. The record also contains certain quitclaim deeds from the plaintiffs below to each other, which, it appears, were made for the purpose of settling their father's estate and conveying to each one his or her respective share. Of course they contain no conditions whatever. These facts do not amount to a waiver of the condition contained in the deed in question. It will be observed that nothing is said in that deed about a waiver of its conditions, and an examination of the record shows that the half-lot conveyed by that deed was in the business part of the village. It may well be presumed that it was the intention of the grantor to forever prevent the sale of intoxicating liquors in the village which he was founding. Without doubt, he considered that the absence of the traffic would conduce to the good morals of the community, and render the remainder of his lots more valuable than they would be in case the liquor traffic was carried on therein. The deed in question in no manner

restricted his right to convey any other lot, or lots, belonging to him, without the condition. Again, an examination of the deeds, with the modified condition, conveying other lots, shows that the lots so conveyed are situated in the residence portion of the village, where there would be no likelihood that any one would ever engage in the liquor traffic. When Jetter accepted the deed under which he claims, he took it with full notice of the condition imposed in the deed under and through which his chain of title came. Again, every deed in that chain, from the first to the one accepted by him and under which he claims title, contained the same condition. He accepted the title burdened with the condition, with full knowledge thereof, and has no right to complain because other lots have been conveyed to other persons without the condition he now seeks to avoid. We therefore hold that there has been no waiver in this case by the deceased, or the plaintiffs below, such as would amount to a defense to this action.

Lastly, it is contended that there was no forfeiture under the terms of the deed, and many reasons are urged in support of this claim, but none of them seem conclusive to us. The provisions of the deeds in question constituted a condition subsequent. The title to the property vested in the several grantees and, finally, in Jetter, conditionally, to be devested on his failure to comply with the conditions by which it was provided he should hold it. *Smith v. Smith,* 64 Neb. 563. The condition was a valid one, and in all of the adjudicated cases has been held to be a condition subsequent which runs with the land, until broken. *Sioux City & St. P. R. Co. v. Singer,* 49 Minn. 301, 51 N. W. 905; *Cowell v. Colorado Springs,* 100 U. S. 55; *O'Brien v. Wetherell,* 14 Kan. 616; *Plumb v. Tubbs,* 41 N. Y. 442.

The provisions of the deed seem plain to us, beyond all question. There can be no doubt as to what was intended by the parties thereto. And, while its language clearly shows it was intended that Ramey should be bound by a personal covenant never to sell, or permit to be sold, intoxicating liquors on the premises, yet, it still more clearly

31

shows it was further intended that the estate in the premises should be conveyed merely upon the condition that neither Ramey, nor any one holding under him, should ever do any act prohibited by the covenant. The deed expressly says that the conveyance is upon that condition. The condition is expressly made to reach not only Ramey, but all persons claiming under him. The deed expressly says that if this condition shall ever be broken by the grantee, or those claiming under him, the premises shall be forfeited to the grantor, his heirs or assigns. Of this condition Jetter and Carlow had ample notice, as the recital in Jetter's deed clearly shows. The estate conveyed was clearly an estate upon condition subsequent, and the condition, until broken, runs with the land, beyond all doubt. We hold that, by the language contained in the deed from Lyon to Ramey, a valid condition subsequent was created, upon the continued observance of which, by the grantee and those claiming under him, the estate conveyed to them depended; and that, whenever either of them committed a breach of the conditions, the grantor, if living, or, if dead, his heirs were at liberty to claim the estate and could maintain a suit in ejectment to recover it.

The record contains sufficient evidence to sustain the findings of the district court, and the judgment accords with the great weight of authority. We therefore recommend that the judgment of the district court be affirmed.

GLANVILLE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.