[No. 5947. Decided April 14, 1906.]

THE LEWISTON WATER & POWER COMPANY, *Respondent,* v.
E. S. BROWN *et al., Appellants.*[1]

EJECTMENT—RECOVERY FOR BREACH OF CONDITION SUBSEQUENT—
DEMAND BEFORE SUIT. In an action to recover the possession of
premises for the breach of a condition subsequent, it is not neces-
sary to make a demand or entry, in view of Bal. Code, § 5500, chang-
ing the common law rule in this respect.

DEEDS—CONDITION SUBSEQUENT—WAIVER—ESTOPPEL OF CORPORA-
TION BY STATEMENTS OF ITS PRESIDENT. The provision in deeds of a
corporation, the owner of a townsite, that in case of the sale of in-
toxicating liquors thereon, the premises should revert to the grantor,
cannot be waived by the verbal statements of the president of the
corporation, published as informal statements of the policy of the
corporation, and such statements will not operate as an estoppel
against the corporation.

APPEAL—REVIEW—HARMLESS ERROR. The admission of improper
evidence is harmless in an action tried by the court without a jury.

Appeal from a judgment of the superior court for Asotin
county, Miller, J., entered July 18, 1905, upon findings in
favor of the plaintiff, in an action of ejectment tried before
the court without a jury. Affirmed.

*R. E. McFarland* and *Graves & Graves,* for appellants.
*Sturdevant & Bailey,* for respondent.

FULLERTON, J.—The respondent, being the owner of a
tract of land in Asotin county, in this state, platted the same
into lots and blocks as a townsite, under the name of the
Town of Lewiston; the name being afterwards changed by
legislative enactment to Clarkston. These lots it put upon
the market for sale, giving to the purchasers warranty deeds
subject to a proviso in the following or similar language:
"Provided, however, that in case the premises hereby con-
veyed should be used in any way for the purposes of any
bar-room, saloon or brewery, that this instrument shall be-

[1]Reported in 85 Pac. 47.

come void and the title to said premises and water right shall
at once revert to, and revest in, said grantor, or its assigns;
this provision in no way relating to the manufacture of pure
wine, syrups, etc., from the juices of the fruit." On October
30, 1897, the respondent conveyed, by deed containing the
foregoing proviso, one of such lots to Frank Maruska, from
whom it passed by regular mesne conveyances to the appel-
lant E. S. Brown. Brown leased the same to the appellants
Reed and Wilson, who fitted up a saloon thereon, and en-
gaged in the sale of intoxicating liquors. This action was
thereupon brought by the respondent, who prayed for a
judgment and decree declaring the appellant's title forfeited,·
that it have restitution of the premises, and that its title to
the same be quieted. A general demurrer was interposed
to the complaint, and overruled; whereupon the appellants
answered, setting up affirmative matter thought to estop the
respondent from claiming a forfeiture. After a trial, which
was had before the court without a jury, judgment was en-
tered for the respondent in accordance with the prayer of
its complaint, and this appeal was taken therefrom.

The appellants first contend that the respondent cannot
maintain this action for the reason that it neither alleged nor
proved that it entered upon the lot or made a demand for
possession prior to its commencement. A number of cases
are cited which sustain the contention, and such undoubtedly
was the rule at common law. But we think the rule has
been done away with in this state by statute. By section
5500 of the Code (Ballinger's), it is provided that any per-
son having a valid subsisting interest in real property, and
a right to the possession thereof, may recover the same by
action in the superior court of the proper county, against the
tenant in possession, or if there be no tenant in possession,
then against the person claiming the title or claiming an
interest therein. Neither demand or reentry is made a con-
dition precedent to the right to maintain the action, and
since this section was intended to supersede the common law

remedies for the recovery of real property, it must be held to contain in itself all of the limitations on the right to maintain such an action.

That this is the correct rule under the statute is abundantly sustained by authority. Thus, in *Austin v. Cambridgeport Parish,* 21 Pick. 215, it was said:

"To entitle the devisee to maintain this action, it would, by the principles of the common law, have been necessary for her to have made an actual entry before instituting her suit, but by the provisions of the Revised Statutes great and important changes have been introduced into our system in relation to real actions, both in the form of the pleading and in the proof necessary to sustain such an action. The demandant is no longer required to prove an actual entry under his title in those cases where such entry was necessary at common law, but if he shows that he is entitled to such an estate as he claims in the premises, whether as heir at law, devisee, or otherwise, and that he has a right of entry therein, this is sufficient proof of his seisin. Revised Stat. c. 101, Sec. 4, 8."

So, in *Cowell v. Springs Co.,* 100 U. S. 55, 25 L. Ed. 547, a case where this precise question was involved, it was said:

"We have no doubt that the condition in the deed to the defendant here is valid and not repugnant to the estate conveyed. It is a condition subsequent, and upon its breach the company had a right to treat the estate as having reverted to it, and bring ejectment for the premises. A previous entry upon the premises, or a demand for their possession, was not necessary. By statute in Colorado it is sufficient for the plaintiff in ejectment to show a right to the possession of the demanded premises at the commencement of the action as heir, devisee, purchaser, or otherwise. The commencement of the action there stands in lieu of entry and demand of possession."

And in *Cornelius v. Ivins,* 26 N. J. L. 376, it was said:

"As a general rule, it is not necessary to make an actual entry upon land in order to maintain the action of ejectment. The *right* to enter, not an *actual* entry, is requisite to sustain the action;" and that "as an actual entry on the

land is but a formal and unmeaning ceremony devoid of any practical meaning and unattended by any real advantage, there can be no utility in enforcing it, however strong the technical reasons in its support."

See, also, *Ruch v. Rock Island,* 97 U. S. 693, 24 L. Ed. 1101; *Atlantic etc. R. Co. v. Mingus,* 165 U. S. 413, 17 Sup. Ct. 348, 41 L. Ed. 770; *Ellis v. Kyger,* 90 Mo. 600, 3 S. W. 23; *Kirk v. Mattier,* 140 Mo. 23, 41 S. W. 252; *Sioux City etc. R. Co. v. Singer,* 49 Minn. 301, 51 N. W. 905, 32 Am. St. 554, 15 L. R. A. 751; *Plumb v. Tubbs,* 41 N. Y. 442.

The claim of estoppel is based on a statement made by the president of the respondent corporation. It appears that after the population of the town of Clarkston had reached a considerable number, the people began agitating the question of incorporation. The president of the respondent was in favor of that policy, and gave to one of the local papers a statement in the form of an interview in which he undertook to set forth the advantages that would accrue to them by an incorporation over their present condition. Among the statements made was the following:

"And how will the expense of police and fire protection be met? That answers itself. First, the city would have all the road taxes of some $1500 per year. A wise city government would require any party enjoying special privileges to pay a reasonable license for the same. These would include a dog license of, say $2 or $4 per year; a business license of $5 to $10 each per year, as in Lewiston, for example. And further, when the town is incorporated we propose to let the people themselves decide the saloon question. If the people shall vote to keep in Clarkston the money now spent for beer and other drinks in Lewiston and to have the drink money spent under local supervision and control, then the Lewiston Water & Power Company will not attempt to further control these matters. We prefer to have the people decide and control all local government and themselves, as is their undoubted right. In case they do permit one or two saloons under proper restrictions then the license money of say $500 for a saloon would greatly help to pay expenses."

It is this statement that is claimed to have estopped the corporation from insisting upon a forfeiture for a breach of the condition contained in the appellant's title deeds. But without attempting to follow in detail the argument of the appellants, we are clearly of the opinion that no estoppel can be predicated upon this statement. While conditions subsequent contained in deeds may be waived by parol, such waiver must be made by the grantor or his successor in interest. Where the grantor is a corporation, as it is in this case, controlled and managed by a board of directors, informal statements published in the papers by its president cannot be held to govern its policy, or waive solemn reservations in its deeds of conveyance.

"The president of a private corporation is, as the term implies, the presiding officer of its board of directors and of its shareholders when convened in general meeting. The office itself, however, confers no power to bind the corporation or control its property. The president's power as an agent must be sought in the organic law of the corporation, in a delegation of authority from it, directly or through its board of directors, formally expressed or implied from a habit or custom of doing business." 10 Cyc. 903.

It is further assigned that the court committed error in the admission of evidence, and in refusing to make certain findings of fact. Inasmuch, however, as the action was tried by the court without a jury the admission of improper evidence could not be prejudicial. Nor was there error in refusing to make the findings requested. In so far as they were supported by the evidence, they were immaterial, and on the main questions we are clear that the weight of the evidence is with the findings made.

No substantial error appearing in the record, the judgment appealed from will stand affirmed.

MOUNT, C. J., HADLEY, DUNBAR, ROOT, and CROW, JJ., concur.