# ANDERSON v. REID.

EJECTMENT; COMMON SOURCE OF TITLE; ESTOPPEL; EVIDENCE;
TESTIMONY OF DECEASED WITNESS.

1. In ejectment, the plaintiff is relieved from the burden of proving
title from the original source of titles down to himself, if he
can show that the title under which the defendant claims has
an intermediate, common source with his own; and a mere
verbal disclaimer by the defendant of a common source, made
at the time of the offer of proof thereof, cannot affect the
operation of the rule.

2. When the plaintiff in ejectment proves the common source and
shows his is the older title, duly registered, he makes out a
*prima facie* case, entitling him to recover, unless the defendant,
being under no estoppel, can show he claims under another
and different title.

3. Where a defendant in ejectment claims under a tax deed which
recites a sale of the property for taxes assessed in the name of
the plaintiff, he is estopped by such recitals from denying that
the plaintiff was the owner at the time of the sale.

4. A bill of exceptions containing the testimony of witnesses who
have since died, is not admissible in evidence on a subsequent
trial to prove the testimony of such witnesses, where it does
not purport to be an agreed statement of all of the testimony
of the witnesses, but it may be used by a living witness to
refresh his memory as to what the testimony was of the de-
ceased.

No. 637. Submitted February 11, 1897. Decided March 2, 1897.

HEARING on an appeal by the plaintiff from a judgment on
a verdict directed by the court in an action of ejectment.
*Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Franklin H. Mackey* for the appellant:

1. The whole question of whether the plaintiff and de-
fendant in this case claimed under a common source of
title was for the jury, and it was not competent for the court
to decide that he claimed under an independent source of

title. *Beale* v. *Brown,* 6 Mackey, 578. It was error, there-fore, to take the case from the jury, for if the jury had found that both parties claimed under Thomas Llewellen, and that there was really no *bona fide* claim or color of title under the tax deed, the verdict must necessarily have been for the plaintiff. That the claim of color of title under a tax deed when offered in evidence must be shown to have been *bona fide,* is too well settled for argument. See section 775, Sedgwick and Wait on Trial of Title to Land, where the whole subject is discussed. See also Am. and Eng. Ency. Law, Vol. 26, p. 43, note 1.

2. But the case of the plaintiff is even stronger than this, for when the evidence on both sides was closed it appeared by the defendant's own evidence that the plaintiff had had prior possession of the property in 1886, and was rightfully in such possession, having been put there by a writ of pos-session issuing out of the court before whom the present trial was had. The record also shows that in addition to this the plaintiff had had a prior possession in 1853, when he received the deed from Thomas Llewellen. It also ap-peared by the defendant's own admission that he was an alien, and it was conceded by his counsel and the court alike that, being an alien, he could not set up title by deed nor hold under color of title. He was, therefore, a mere trespasser without color of title, and against such a tres-passer who has not had uninterrupted adverse possession for twenty years the plaintiff, it is well settled, need only show a prior possession. *Christy* v. *Scott,* 14 Howard, 282, and A. & E. Ency. Law, Vol. 26, p. 32 and note. This prior possession being shown, plaintiff was entitled to have the court direct a verdict for the plaintiff on the close of the evidence, the facts being conceded.

3. It was gross error to allow the former testimony of a deceased witness in another case, as contained in the bill of exceptions in that case, to be given. There is but one way by which such testimony can be given, viz., by calling to

the stand some one who was present at the former trial and heard the witness testify. *Roth* v. *Smith,* 54 Ill. 432; *Stern* v. *People,* 102 Ill. 540.

4. When one offers a deed of any sort under which he claims title he is bound by the recitals of that deed. If, therefore, it is true that the defendant claims color of title under the tax deed instead of under Thomas Llewellen, he is bound by its recital that at the time the tax was assessed against the property Anderson was the owner thereof. "The estoppel in general extends to all the facts recited in the deed," the exceptions being the amount of the consideration and the fact of its payment. Herman on Estoppel, Sec. 624; *Carver* v. *Jackson,* 4 Pet. 82. The whole doctrine of recitals in deeds is gone into by Mr. Justice Story in the above case, and conclusively shows that if Reid claimed title under this tax deed he was estopped to deny its recital to the effect that Anderson was the owner of the land at the time the tax was assessed against it.

*Mr. J. H. Ralston* and *Mr. F. L. Siddons* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a judgment in an action of eject-ment. Both parties having closed their evidence, the court instructed the jury to return a verdict for the defendant, John Reid, because of the failure of the plaintiff, Richard P. Anderson, to make sufficient proof of title.

The plaintiff first read in evidence a deed from Thomas Llewellen and wife to himself, conveying the lot in contro-versy under date of October 6, 1853, and which had been duly recorded. This was admitted over objection of defend-ant, who asserted that he did not claim under a common source of title. To show that said Thomas Llewellen was a common source of title, the plaintiff read certain convey-ances, wills and decrees of court establishing the transition of title, beginning after the record of plaintiff's deed afore-said, from said Llewellen and wife, through several parties,

to the defendant.  He also read, without objection, from a bill of exceptions taken in a former suit between himself and the defendant, for the possession of said lot, certain recitals showing that the defendant, who was the plaintiff therein, deraigned and claimed title from Llewellen and wife and from no other source.

After some evidence by both parties, relating to the possession of the lot, which it is not necessary to state, the defendant read in evidence a deed from the corporate authorities of Washington to J. T. Coumbe, conveying the lot in controversy June 25, 1857.  Said deed recited a sale of the lot for unpaid taxes assessed thereon to the amount of forty-three cents, against R. P. Anderson (this plaintiff) as owner. A deed was then read from Coumbe to Beall Howard, who is one of the parties in the chain of title from Llewellen and wife to the defendant.

Instead of directing the jury to return a verdict for the defendant, the court should have instructed them to find for the plaintiff, unless the defendant had shown a title through adverse possession for such time and under such circumstances as the law requires therefor.  It is a rule of justice and convenience that relieves a plaintiff in ejectment from the burden of proving a chain of title from the source of all titles down to himself, if he can prove that the title under which his adversary claims has an intermediate, common source with his own.  The mere verbal disclaimer of a common source, made at the time of the offer of the proof thereof, cannot affect the operation of the rule.  When the plaintiff, assuming the hazard, makes proof of the common source and shows that his is the older title, duly protected by registration in accordance with the requirements of the law against an innocent purchaser, he makes a *prima facie* case, entitling him to recover, unless the defendant, being under no estoppel, can show that he claims under another and different title.  "Where both parties assert title from a common grantor, and no other source, neither can deny that

such grantor had a valid title when he executed his convey-
ance." *Robertson* v. *Pickrell*, 109 U. S. 608, 615.

The tax-sale deed was the only evidence of title in the
defendant derivable from any other than the common
source, Llewellen; and in respect of its operation, the court
ought to have given the instruction, prayed by the plaintiff,
to the effect that the defendant was estopped to deny that
the plaintiff was, at the time of the assessment and sale, the
owner of the property.

Claiming under a deed which recited that the plaintiff
was the owner of the premises, and that the sale had been
made because of his failure to pay the taxes assessed against
him as such owner, the defendant was necessarily bound by
those recitals. *Robertson* v. *Pickrell, supra; Cowell* v. *Springs
Co.*, 100 U. S. 55, 61.

What has been said is sufficient for the disposition of the
case on this appeal; but there is another question raised by
an assignment of error that ought to be considered, because
likely to arise on another trial.

It appears that two witnesses who testified for the defend-
ant on the trial of the other action of ejectment before men-
tioned, having died, he was permitted, over the objection of
the plaintiff, to read their evidence—relating to adverse
possession—from the bill of exceptions taken on that trial.
This bill did not purport to be an agreed statement of all of
the evidence of the witnesses.

The general rule, in such cases, seems always to have
been to prove the evidence of the deceased witness by some
one who heard it on the former occasion and could testify to
the substance of it.    1 Greenleaf Ev., Secs. 155, 156; *Ruch*
v. *Rock Island*, 97 U. S. 693, 694.

A stenographer, or any person who may have taken notes
of the evidence, could, when called as a witness, resort to
them to aid his memory in the reproduction of the evidence.
The bill of exceptions might also have been used in the

same way by a compete nt witness, but it was not itself admissible as evidence of the statements which it purported to record. This is in accord with the opinion of the Supreme Court of Illinois in a well-considered case, the reasoning of which is quite satisfactory. *Roth* v. *Smith*, 54 Ill. 432. It was there said : " What the deceased witness testified might have been proved by anyone who heard and who could remember his evidence; but the bill of exceptions was not admissible for that purpose; that is merely the official certificate of the judge who presided at the former trial as to what the witness then testified, and though conclusive for the purpose for which it was made, to wit, a review of that trial in an appellate court, it is not evidence for any other purpose. It may be that on the former trial the counsel and the court in settling the bill of exceptions considered the testimony of this witness unimportant, and stated it carelessly and incorrectly. The object in drawing the bill may have been to present the case for review in the Supreme Court on the questions not arising upon the evidence of this witness, and this circumstance would naturally prevent a careful statement of his testimony. The bill of exceptions has none of the safeguards that surround a deposition. It is not read or signed by the witness. It is not generally prepared at the trial, but subsequently from the notes of counsel, and the certificate of the judge gives it no more authenticity, except for the purposes for which the law authorizes him to certify it, than would the certificate of the clerk. There is no necessity for admitting such evidence in order to prevent a failure of justice. The testimony of the deceased witness can always be proved by some person present at the former trial, and sufficiently interested in the case to remember it, and such person can always be cross-examined, and thus the entire testimony be brought before the court and the accuracy of the witness be tested— advantages for obtaining a fair and complete statement of

the former testimony which would not exist if the bill of exceptions were admissible." See also *Stern* v. *People*, 102 Ill. 540, 555.

For the reasons given, the judgment will be reversed, with costs, and the cause remanded with directions to set aside the verdict and award a new trial; and it is so ordered.

*Reversed and remanded.*