# THE EASTERN TRUST AND BANKING CO.

*v.*

# WILLIS.

LANDLORD AND TENANT PROCEEDING; DEED OF TRUST, RECORD AND ACKNOWLEDGMENT OF; FOREIGN CORPORATIONS, EXTRA TERRITORIAL POWERS OF; TRUSTEES, RIGHT OF TO MAINTAIN POSSESSORY ACTIONS.

1. Purchasers at a deed of trust sale can maintain a landlord and tenant action against the deed of trust debtor to obtain possession; *following* Loring *v.* Bartlett, 4 App. D. C. 1.
2. Neither acknowledgment for record, nor record of a deed of trust is necessary to pass title, or to protect the rights of the beneficiaries of the trust, as against an assignee of the deed of trust debtor for the benefit of creditors; *following* Colbert *v.* Baetjer, 4 App. D. C. 416.
3. A foreign corporation having the power under the laws of the jurisdiction in which it is incorporated, to transact a certain class of business, has the power to transact similar business here, even though the laws of this District do not authorize the organization of corporations having the same powers. A settled policy of prohibition is not to be inferred from the mere absence of legislation upon the subject.
4. Whether a valid sale can be made in a foreign jurisdiction of real estate in this District under a deed of trust of property in both jurisdictions, *quaere.*

5. Where a sale is made by the trustee under a deed of trust upon condition that it should not be perfected until the trustee should obtain possession, an action is maintainable by the trustee to recover possession, the legal title and right of possession being in him, whether the sale under such a condition is valid or not.

No. 425.   Submitted April 10, 1895.   Decided June 3, 1895.

HEARING on an appeal by the plaintiff from a judgment on an agreed statement of facts in a landlord and tenant proceeding, in which a plea of title was interposed.  *Reversed.*

The COURT in its opinion stated the case as follows :

The appellant, the Eastern Trust and Banking Company, is a corporation created by act of legislature of the State of Maine, and is fully empowered to receive conveyances in trust and to perform all the duties of trustees.

The American Ice Company is also a corporation of the State of Maine, having its principal office in said State.   It owned property in Maine and also certain real estate in the District of Columbia, used in carrying on its business in selling ice in the city of Washington.

To secure a regular issue of $40,000 of bonds, the American Ice Company, on December 2, 1889, conveyed to the Eastern Trust and Banking Company, aforesaid, all of its real and personal property in Maine, and also the lots in controversy, situated in this District, in trust to secure the payment of said bonds.

The trust deed contains the apt words of conveyance usual in such instruments.   Right of possession is reserved to the grantor until default in payment of interest, taxes, &c.   But it is also expressly stipulated that in case of default in the payment of any interest coupon or coupons, and the continuance thereof for the space of ninety days, the entire debt shall become immediately due and payable, and that " It shall be lawful for the trustee to enter upon the premises and take possession of the whole or any part

thereof, and to sell and dispose of all and singular the premises, property, &c., &c., or such portion as the trustee may deem necessary, at public auction, in Bangor, upon such terms as to credit, partial credit and security for payment as it may think proper or expedient, having first given public notice," &c. It is further stipulated that the provision for sale is to be cumulative with the ordinary remedy of foreclosure in equity.

The bonds were purchased by different persons for value received, and are still held by them. Default was made in the payment of interest due December, 1893, and not having been waived, the principal of the bonds became due and payable.

On October 13, 1894, the American Ice Company made an assignment for the benefit of its creditors to William G. Johnson, assignee. The assignee accepted the trust, took possession of the lots in Washington, and leased them to Edward M. Willis.

The bondholders, in pursuance of the terms of the trust deed, directed the trustee to proceed with the execution of the trust. The trustee advertised all of the property for sale at Bangor, in accordance with the terms of the instrument, on May 4, 1894, but adjourned the same to September 8. A committee of bondholders made a bid for the property, the terms of which do not appear, and it was declared sold to them, upon condition that the same should not be completed or title passed until the trustee should first obtain possession of the property.

On July 30, 1894, the trustee served a written notice upon both Johnson, assignee, and his tenant Willis to remove from the premises at the end of thirty days. They refused to surrender possession, and on September 17, 1894, a proceeding was instituted against them by the appellant before a justice of the peace under the Landlord and Tenant Act. Defendants appeared and interposed pleas of title ; whereupon, as required by law, the case was certified by the justice of the peace to the Supreme Court of the

District for trial. In said court appellant filed a declaration upon which issue was duly joined.

Trial by jury was waived, and the case was submitted to the court upon an agreed statement of facts substantially set forth above. The defences made in the court below were : 1. That the action could not be maintained under the Landlord and Tenant Act. 2. That the deed in trust was not executed or certified to so as to be legally registered in the District of Columbia. 3. That the appellant was not competent to take and execute the trusts sought to be created. 4. That the trust had been executed by sale before the institution of the suit, and the right to possession had passed from the trustee to the purchasers. The court overruled all these defences but the last one, and rendered judgment thereon for the defendants, from which this appeal has been prosecuted.

*Mr. B. F. Leighton* for the appellant :

1. A charter of incorporation imparts to the body corporate individuality and personality. Within its scope, terms and provisions, the corporation may do whatever a natural person, acting in his legal capacity, might do. This faculty, thus created, it possesses and may exercise as certainly as may an individual, not only in the place of its creation, but elsewhere, unless forbidden by law or the policy of the foreign State. *Lathrop* v. *Bank*, 8 Dana, 114; *Insurance Co.* v. *Cross*, 18 Wis. 119; *Cowell* v. *Springs' Co.*, 100 U. S. 56.

There is no statutory inhibition or expression of legislative judgment that it is against the interests of the citizens of this jurisdiction to permit a foreign corporation from exercising the powers and discharging the duties imposed upon the plaintiff by the deed of trust under consideration.

2. The deed of trust to plaintiff was duly recorded and acknowledged. Its delivery passed the title to the grantee, *in præsenti*, and whether recorded or not, was good as against the grantor and his assigns without consideration. *Hast-*

*ings* v. *Vaughn,* 5 Cal. 315 ; *Strong* v. *Smith,* 3 McLean, 362 ; *Stevenson* v. *Cloud,* 5 Blachf. 92 ; *Dole* v. *Thurlow,* 12 Metc. 157 ; *Brown* v. *Moulton,* 22 N. H. 468 ; *Jackson* v. *Allen,* 30 Ark. 110. The instrument is also good as to creditors and purchasers without notice and for valuable consideration. It was properly acknowledged, and was by law entitled to record. Richardson's Supplement, ch. 69, page 315 (vol. 1). The absence of the seal from the record may have in legal effect changed the character of the writing from a sealed to an unsealed instrument, as to parties having the right to rely upon the record, but it created a lien of record, of which parties dealing with the property were bound to take notice, equally as though no error had occurred in recording the deed of trust ; much less can the defendants, holding the title of the American Ice Company, and standing in its place with its rights not enlarged or qualified by the recording act, take advantage of the error.

3. A power of sale granted by a mortgagor on the creation of the mortgage does not conflict with the principles of equity embraced in the maxim " once a mortgage always a mortgage," or to the rules of equity as applied to mortgages. The object of a deed of trust is to secure a debt ; to effect that purpose the power of sale must exist somewhere, either in express terms in the instrument itself, to be exercised as therein provided, or in some tribunal charged with the enforcement of such securities. A sale by the court is only a mode of applying the pledged property to the satisfaction of the debt. No other agent to make the sale being designated in the instrument creating the pledge, the exercise of the power by implication is referred to the courts, but it does not follow that it is not equally competent for the grantor by express language to designate some person or corporation to make it. No legal principle is thereby violated. *Lawrence* v. *Trust Co.,* 13 N. Y. 209. Such a power is sustained by English and American authorities alike. *Croft* v. *Powell,* Comyn R. 603 ; *Sowder* v. *Morgan,* 18 Vesey, 344 ; *Nothie* v. *Edwards,* 2 Colger R. 465 ; *Davy* v. *Durant,*

1 DeG. & J. 335 ; *Montague* v. *Davis*, 12 Allen, 397 ; *Elliott* v. *Wade*, 45 N. J. 71.

Whether this be or be not the correct view of the case, it is immaterial to determine. The question is not whether the power of sale contained in the deed of trust is valid or invalid, or the sale made thereunder is valid or void. The remedies at law and in equity of the *cestuis que trust* are concurrent. The adoption of the one does not exclude the other. Whether they are entitled to obtain possession through their trustee under the proceedings instituted in these causes depends upon the provisions of the deed of trust, and the laws of this jurisdiction. And this brings us to the principal question in the case.

4. The estate limited in the premises and *habendum* of the deed of trust is a fee. Both the limiting clauses contain apt and technical language to create that estate. The power to take possession and sell upon default is given. This power of sale is expressly made cumulative with the ordinary remedy of foreclosure, by entry, suit or otherwise. The clause in the deed of trust, permitting the American Ice Company to retain possession of the property until default, is similar in language and identical in legal effect with the clause in the deed of trust considered and interpreted by this court in the recent case of *Loring* v. *Bartlett*, 4 App. D. C. 1, in which it was said:

"The effect of the deed to the trustees was to vest the fee simple estate in them from the date of the deed, and but for the express provision or reservation in the deed which we have already recited, whereby the appellee was allowed to retain possession of the property until default, the right of possession would also have vested in the trustees from the date of the deed." If this be the law, then the right of the American Ice Company to the possession of the property embraced in the deed of trust terminated upon default in the payment of the bonds. That was one of the events upon the happening of which its right of possession was made to depend. The right of possession immediately ac-

crued to the plaintiff, and the Landlord and Tenant Act furnished the proper remedy to enforce that right.

*Mr. William G. Johnson* for the appellees :

1. The deed from the American Ice Company to the Eastern Trust and Banking Company, while it constitutes an equitable mortgage in behalf of the bondholders, does not pass the legal estate so as to vest the legal title or right of possession in the appellant. The certificate of the clerk as to the official character of the officer taking the acknowledgement is not such as the Revised Statutes of this District require. By section 441 acknowledgments outside the District may be made before a notary public of a State, but when so made by section 443 the certificate of acknowledgement must be accompanied with a certificate of a " public officer *having congnizance of the fact*" that " at the date of the *acknowledgement*" the officer was, in fact, the officer he purported to be. The certificate here does not show, nor does the officer making it claim that he has official or other " cognizance of the fact," and as it is no part of the duty of courts to appoint notaries public, the clerk of " all the judicial courts " cannot be presumed to have such cognizance. Nor does he certify that he was such officer at the " date of the acknowledgement," but at the " date of this certificate."

2. The appellant was not competent to take and execute the trusts sought to be created. It is true that by comity among the several States, corporations in one State may exercise any corporate powers in another, which are permitted by the charter of the corporation and by the laws or policy of the foreign State. In this District, Congress is the sole authority and source of laws and policy. The general legislation did not up to the time of the execution of this deed permit corporations to execute trust functions in this District, and when it did so permit for the first time by the act of October 1, 1891, (26 Stat. p. 625), it imposed

restrictions upon the exercise of that function by corporations, with which this corporation has not complied. The claim here is that this foreign corporation can come into this District and take from creditors here property, not only personal, but real, and in effect carry that real property out of its *situs* to a foreign jurisdiction beyond the reach of our courts, and there distribute it among foreign creditors to the exclusion of domestic creditors. Have the laws or policy of this District given any such roving commission to foreign corporations? Is it not, on the contrary, the policy of this and all jurisdictions, as to local assets, to protect local creditors? Has it ever been permitted that a foreign corporation could destroy the local character of real estate and render it as transitory as the personal chattel? Furthermore, the doctrine of comity has never gone so far as to *enlarge* the powers and privileges of a foreign corporation beyond what it had in the State of its creation. By the terms of the charter of the appellant, it is limited to operations within the State of Maine.

3. The appellant is not entitled to possession. It appears that the appellant has made a conditional sale (which it had no power to make under the trust), and is now seeking to obtain possession, not for itself, but for the purchaser. If the trust deed passed a legal title to appellant, appellant can undoubtedly pass it on to its purchaser at a lawful sale, and that purchaser can, unquestionably, having both title and right of possession, recover the possession. But by the sale, if the trust be valid, the right of property and right of possession have passed to the purchaser, and the appellant has no longer any right of possession, if it ever had any. As it is quite clear that the bondholders can be amply protected by enforcing their equitable mortgage in the courts of this District, where the unsecured creditors will also be protected, their object in resorting to a sale several hundred miles away from the property sold, and then seeking to reap the fruits of that strange transaction by these summary proceedings becomes apparent, and is not such as should commend itself to a court of justice.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The appellees renew in this court, under the agreed statement of facts, the defences made below, save that denying the right of the trustee to maintain the special possessory action provided in the statute (R. S. D. C., sec. 684).

That question has been settled by the decision in *Loring* v. *Bartlett*, 4 App. D. C. 1, wherein it was held by this court that purchasers claiming under a sale made by trustees, in accordance with the provisions of an ordinary deed of trust, could maintain the action as provided in that statute.

2. It is unnecessary to pass upon the regularity of the certificate of the clerk of Penobscot County, Maine, to the official character of the notary public of that State, who certified to the acknowledgment of the execution of the trust deed, or upon the validity of the record of that instrument in the District of Columbia. The instrument was formally executed by the grantor and the grantee with their respective corporate seals, and regularly delivered to the latter, who held it in execution of the trust. Neither acknowledgment for record, nor record, were necessary to pass the title, or to protect the rights of the beneficiaries of the trust, as against an assignee for the benefit of creditors. *Colbert* v. *Baetjer*, 4 App. D. C. 416.

3. The objection that the appellant had no power to take under the conveyance, or to execute the trusts created thereby, is without merit. It was incorporated by special act of the legislature of Maine, and its domicile is in that State. The terms of the charter are ample to cover all the powers that it may exercise under said trust deed, and there is nothing therein to indicate that its corporate powers can only be exercised within the limits of the State of its creation. Appellant had the undoubted right, in so far as its act of incorporation is concerned, to do business in the District of Columbia, to accept trusts to be performed

therein, and to sue in its courts.  *Bank of Augusta* v. *Earle*, 13 Pet. 519.  The mere fact that the laws prevailing in the District of Columbia at that time did not authorize the organization of corporations with the same powers that had been conferred upon appellant by the laws of Maine, is not sufficient to prevent it from the exercise of its powers in said District.  A settled policy of prohibition is not to be inferred from the mere absence of legislation upon the subject.  This is the well established doctrine of the Supreme Court of the United States.  *Cowell* v. *Springs Co.*, 100 U. S. 55, 59.  In that case it was said: "If the policy of the State or Territory does not permit the business of the foreign corporation in its limits, or allow the corporation to acquire or hold real property, it must be expressed in some affirmative way ; it cannot be inferred from the fact that its legislature has made no provision for the formation of similar corporations, or allows corporations to be formed only by general law."  See also *Christian Union* v. *Yount*, 101 U. S. 352, 356; Taylor on Corporations, sec. 384, and cases cited.

4. The judgment of the court of which appellant complains, proceeds upon the ground that appellant, in the execution of the trust, actually sold the property in controversy before commencing this proceeding ; that its powers became exhausted thereby, and that the title and right to the property must be considered as having passed to the bidders at said sale notwithstanding the conveyance had not been executed and delivered.  This is a proceeding at law where recovery must be had upon the legal title; still it is not necessary to determine what weight should be given to that point had there been a regular and binding sale by the trustee, lacking completion only in the execution and delivery of the evidence of title.

Passing by the question, which has not been argued, whether a valid sale could have been made under the trust deed, in Maine, of land situated in the District of Columbia,

we find in the statement of facts that the offer for sale was made upon condition that the trustee should first obtain the possession of the property, when only it would be perfected. It is very doubtful, to say the least, if a valid sale could be made upon such condition. If it could not, however, the effect of the attempt would be to avoid the sale and not the condition. Under any view that might be taken, the trustee could not compel the purchaser to accept the conveyance and pay the purchase money, without the performance of the condition, or the waiver thereof by the purchaser.

Clearly, then, the trust has not been executed, the title has not passed out of the trustee, and the right of possession remains in it still.

For the reason given, *the judgment must be reversed with costs to the appellant, and the cause remanded, with direction to render judgment for it upon the agreed statement of facts, in conformity with this opinion. It is so ordered.*