(21 Misc. Rep. 594.)

UNITED WATERWORKS CO., Limited, et al. v. OMAHA WATER CO. et al.

(Supreme Court, Special Term, New York County. November, 1897.)

1. CORPORATIONS—EXERCISE OF FRANCHISE—WHERE ASSAILABLE.
    Bondholders of a corporation who authorized their committee to purchase a waterworks plant in a foreign state, and to convey it to a new corporation, to be incorporated under the laws of such state as the committee might determine, cannot object to such a purchase made by the committee, on the ground that the new corporation cannot exercise the necessary franchise in the state where the plant was located, as its power to control and operate the waterworks can only be questioned in such state.

2. SAME—POWERS—CONTRACTS AND INDEBTEDNESS.
    A newly-organized Maine corporation, under the laws of Maine, may issue bonds and stock in payment of indebtedness incurred by it for the purchase of property, and may pledge the voting power of stock to secure the payment of such bonds.

3. SAME—CONTRACTS—CONSTRUCTION.
    Where bondholders of a corporation agreed that a committee might purchase certain property, and convey it to a new corporation, to be incorpo-

48 N.Y.S.—52

rated under the laws of such state as the committee might determine, and to pledge any assets in its hands to secure the price of the property, the committee's act in pledging the voting power of the stock of the new corporation to secure bonds issued by it for such price did not violate such agreement.

4. SAME—PUBLIC POLICY.
Such pledge was not contrary to public policy.

5. SAME.
The execution of mortgages by the new corporation upon such property acquired by it, and the issue of bonds to represent in whole or in part the interest of the certificate holders, did not violate the agreement, as it in no way restricted the power of the new corporation in such respect.

6. SAME—POWER TO EXECUTE MORTGAGES.
The execution of a mortgage by a newly-organized Maine corporation upon a waterworks plant, situated in Nebraska, to secure the price therefor, in no way conflicts with the laws of Nebraska.

7. SAME—EQUITY.
A committee, as authorized by a corporation's bondholders, purchased a waterworks plant, and conveyed it to a newly-organized corporation, which executed mortgages to secure the price. Its securities were distributed among the holders of surrendered certificates representing $3,300,-000 of the bonds which had been issued in paying for the plant. The owners of the bonds approved the committee's acts in making the purchase. Plaintiffs, representing 58 certificates out of 3,569, sought to set aside the mortgages, and that all the acts of the committee be declared illegal and void. Held, that plaintiffs were not equitably entitled to such relief.

Suit by the United Waterworks Company, Limited, and others, against the Omaha Water Company and others, to have all the acts of a bondholders' committee declared illegal and void.   Dismissed. ·

George H. Yeaman (Mr. Libby, of counsel), for plaintiffs.

Turner, McClure & Rolston, for defendant Farmers' Loan & Trust Co.

Howard Mansfield, for defendant reorganization committee.

Albert Symington, for defendant Omaha Water Co.

Davies, Stone & Auerbach, for defendant Guaranty Trust Co. of New York.

McLAUGHLIN, J.   Under the terms of the agreement dated August 16, 1893, the plaintiffs became legally bound by the plan of reorganization subsequently adopted by the bondholders' committee. This agreement, among other things, provided that "the committee may, for the purpose of making the cash payment required on any foreclosure sale, * * * borrow money for any such purpose, or for the purpose of otherwise carrying out the provisions of the plan, and may pledge for repayment of any moneys so borrowed any of the bonds and coupons deposited hereunder, or any other assets in the hands of the committee"; and (paragraph 12) that the committee should, prior to the conveyance of the purchased property to a new company, submit to the certificate holders a detailed plan of reorganization, which should be binding upon them unless a majority of the certificate holders in interest should within 30 days thereafter file their written dissents therefrom.   The bondholders had an unquestioned legal right to delegate the great power here conferred upon a committee if they saw fit to do so; but, having delegated that power, they and their successors in interest cannot, after the exercise

of the power, repudiate the acts of the committee.   A detailed plan of reorganization was submitted by the committee, as provided in the agreement, and a majority of the certificate holders not only did not dissent, but, on the contrary, approved of and acquiesced in the plan proposed.   Whether this plan was a wise one or not, whether it was one which good business judgment would sanction and approve, is a question which the courts will not consider, since the bondholders, in depositing their bonds, agreed to be bound by the judgment of the committee and the final decision of a majority of the certificate holders.   It therefore follows that the plan proposed became and is now absolutely binding upon the plaintiffs, unless it be shown that the committee was guilty of fraud or its acts are illegal in themselves.

It is not claimed that the committee was guilty of fraud; indeed, it is not even suggested that it was guilty of deceit or concealment of any kind.   The plan proposed was mailed to all the certificate holders with a circular containing an explanation of its purposes, together with a statement of the reasons which had controlled the committee in reaching the conclusion submitted.   The acts of the committee, therefore, cannot be assailed on the ground of fraud; neither do I think they were illegal in themselves.   It is urged, however, in this connection, that the new corporation cannot exercise the necessary franchise in Nebraska, and therefore is legally incapable of succeeding to the rights of the American Water Company.   But this question does not seem to me to deserve serious consideration, inasmuch as the plaintiffs are not in a position to have it considered. The agreement above referred to (paragraph 6) provided that, in case the committee purchased the property at a foreclosure sale, it might then be conveyed by it to a new corporation incorporated under the laws of such state as the committee might determine.   The committee, in the exercise of the discretion thus given, saw fit to incorporate under the laws of Maine, and, so far as appears, that corporation now has the right to exercise within the state of Nebraska all the powers conferred upon it by its charter.   Indeed, its right to own, and its power to operate and control, the waterworks referred to, can be questioned only by the state of Nebraska in a proceeding brought for that purpose.   Cowell v. Spring Co., 100 U. S. 55; Christian Union v. Yount, 101 U. S. 352; Watts v. Gantt, 42 Neb. 869, 61 N. W. 104; Carlow v. Aultman, 28 Neb. 672, 44 N. W. 873.

The issue of bonds and stock in payment of the indebtedness incurred for the property acquired by the new corporation is not, in my opinion, subject to the criticism made by the plaintiffs, because there is no provision in the statutes of Maine against such issue or against the issue of stock for insufficient valuation.   Rev. St. Me. c. 46, §§ 45, 47.   See, also, Railroad Co. v. Dow, 19 Fed. 388.   Neither is there anything in the statutes of that state which prevents the pledging of the voting power of stock as security for the payment of bonds issued by it.   The act of the committee in this respect does not violate the terms of the original agreement, nor is it against public policy.   It has frequently been said, especially in connection with the reorganization of insolvent corporations, that such power may be conferred.   Railroad Co. v. Nicholas (Ala.) 12 South. 723.   The exe-

cution and delivery of the mortgages by the new corporation upon the property acquired by it, and the issue of bonds to represent in whole or in part the interest of the certificate holders, in no way violate the bondholders' agreement, because there is nothing therein contained which restricts, or was intended to restrict, the power of the new corporation in this respect. The agreement, it will be observed, left indefinite the nature of these interests and the power of the committee with reference thereto. Rev. St. Me. c. 46, § 11. And the mortgages provided for in the agreement, and as executed and delivered, are in no way in conflict with the laws of Nebraska, so far as appears. The statutes of that state, offered in evidence, relate only to railroad and union depot companies. Indeed, the statutes of Nebraska, unless there be some special provision prohibiting the execution of such mortgages, could have no effect upon the question, since the power of the corporation to manage its property must be determined by, and depend upon, the laws of the state under which it came into existence.

Other questions are raised by the plaintiffs, but it does not seem to be necessary or profitable to consider them. The situation is this: A new corporation, formed under the proposed plan, has received a conveyance of the property in question, upon which it has executed, in accordance with the laws of the state under which it was incorporated, the mortgages sought to be set aside. These mortgages have been delivered and recorded in the state where the property is located, and the corporation is now in the actual possession and operation of the waterworks referred to. The securities of the new company have been issued and distributed among the holders of surrendered certificates representing upwards of $3,300,000 in amount of the bonds which have already been used in paying for the property purchased. The owners of these bonds, or those who have succeeded to their interests, have not only acquiesced in, but, so far as the evidence discloses, approved of, the acts of the committee in making the purchase. And yet these plaintiffs, representing, at most, but 58 certificates out of 3,569, ask to have the approval of such a large majority set aside, and the whole proceeding declared illegal and void. This a court of equity, under the facts disclosed, ought not to do.

It follows that the complaint should be dismissed, with costs. Complaint dismissed, with costs.