ELSIE E. HULL v. KANSAS CITY & OMAHA RAILWAY COMPANY.

FILED JANUARY 21, 1904. No. 13,263.

1. **Railroad Company:** USE OF LANDS PURCHASED. Where a railroad company purchases land by warranty deed and uses it for right of way and depot purposes, it has the exclusive right to the possession and use of all of such lands as against the owner of adjacent lands.

2. ——: ——. It is for the railroad company and not for the adjacent owner to determine how much of these lands is necessary for depot and right of way purposes.

ERROR to the district court for Kearney county: ED L. ADAMS, JUDGE. *Affirmed.*

*Joel Hull,* for plaintiff in error.

*G. L. Godfrey, J. W. Deweese* and *F. E. Bishop, contra.*

OLDHAM, C.

This is an action in ejectment to recover the possession of a strip of land 32 feet wide in McCool's addition to the village of Minden, Nebraska. The facts underlying the controversy are these: In 1887, the defendant, the Kansas City & Omaha Railway Company, purchased, by deed of warranty, from the owners, blocks 1, 2, 3 and 4 of McCool's addition to Minden; after the purchase of these lands the company constructed its right of way through the middle of this strip of land, erected its switches, railroad track and depot grounds thereon; the strip of ground conveyed

by deed was 264 feet in width, leaving 132 feet on each side of the railroad track. The plaintiff in this action was the owner of lots adjacent to the right of way, and in May, 1901, procured a quitclaim deed from the company's grantor of 32 feet of the land formerly conveyed to the company, alleging that this much of the right of way was in excess of the needs of the company and had been abandoned by nonuser. On this claim and that of being an adjacent owner, the plaintiff undertook to take possession of the lands and cultivate the same. After taking possession, she appears to have been evicted by the officers of the company, whereupon a criminal action for malicious trespass was begun against two of the defendant's employees, and a suit in ejectment for the recovery of the lands was filed in the district court. The two cases were tried together, by agreement, to the court, a jury being waived. The court found the defendants not guilty of malicious trespass, and found for the defendant in the ejectment action, and plaintiff brings error to this court. In the brief filed we are asked to review the findings of the trial court in the criminal cases. This we can not do, as the requisite steps necessary to a review prescribed by section 515 of the criminal code have not been complied with. In the ejectment suit the evidence introduced at the hearing showed that the railway company had purchased by deed of warranty from the owner all the lands contained in the blocks. The evidence also strongly tended to show that plaintiff's alleged quitclaim deed from the grantor had been procured, without consideration, by misrepresentation and fraud.

The company having taken possession of the lands under a fee simple title from the owner, was clearly entitled to the exclusive right to use these lands as against an adjacent owner, and under such circumstances it was the right of the company and not of the adjacent owner to determine how much land was reasonably necessary for depot grounds and right of way purposes. *Struve v. Republican V. R. Co.*, 2 Neb. (Unof.) 585; *McLucas v. St. Joseph & G. I. R. Co.*, 67 Neb. 603, 612.

.We are therefore satisfied that there is no merit in plaintiff's petition, and recommend that the judgment of the district court be affirmed.

AMES and HASTINGS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.