CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, APPELLANT, V. JAMES H. WELCH, APPELLEE.

FILED DECEMBER 17, 1908. No. 15,429.

1. **Vendor and Purchaser**: BONA FIDE PURCHASER: DEEDS: RECORDING. In 1890 plaintiff purchased a tract of land 100 feet in width on the north side, and 200 feet on the south side, of the center line of its proposed railway, but did not record its deed until January, 1904. It constructed and operated said railway in 1890. Shortly subsequent to the making of said deed the grantors therein laid out a town site, and platted the land south of the tract thus sold to plaintiff, so as to overlap plaintiff's land 100 feet. This plat

was duly recorded in 1891. Plaintiff has operated a line of railway since 1890 over said tract of real estate. The land in dispute was sold to defendant in 1891, and is located more than 100, but less than 200, feet from the center line of plaintiff's railway. Defendant thereafter immediately constructed buildings upon the parcel of land purchased by him, and has had actual and continuous possession thereof ever since. Defendant recorded his deed in 1891. At no time preceding the service of notice on defendant to quit said land did plaintiff perform any visible act, other than to operate its railway, to indicate that it claimed any land south of a line 100 feet south of its railway. *Held*, That, under the recording act, defendant was protected in his title to said real estate.

2. Ejectment: DENIAL OF TITLE. In ejectment, if defendant denies plaintiff's title, he may prove any defense that will defeat the action.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Billingsley & Greene, M. A. Low, Paul E. Walker, Edward P. Holmes* and *G. L. De Lacy,* for appellant.

*Strode & Strode, contra.*

ROOT, J.

In 1890 Charles and Herman Fox owned in fee simple a tract of land in Lancaster county, Nebraska, over which plaintiff had surveyed and staked the route for its railway. On the 23d day of September, 1890, said landowners sold and conveyed to plaintiff a strip of land of varying width along said route being 150 feet for a distance, 200 feet wide between other points, and 300 feet in width where the land in dispute herein is situated, of which 200 feet is south of the center of said railway. Said deed was not recorded until in January, 1904. In November, 1890, the said Herman and Charles Fox platted a village on the land owned by them south of said railway, and designated it "Prairie Home." This plat was filed February 21, 1891, and overlapped the description in the deed to the railway company so that a strip of land 100 feet in width sold by

the Foxes to plaintiff was also included in said plat. On the northern boundary of the land thus platted a highway was dedicated to the public, and next south thereof is the tier of blocks some part whereof is in dispute in this action. Defendant purchased lots 9 and 10, in block 2, Prairie Home, from Charles and Herman Fox on the 14th day of February, 1891, and his conveyance was duly recorded February 25, 1891. Welch constructed a building on said lots, and has occupied it thence hitherto. Welch paid the taxes on said lots since he acquired title thereto, and plaintiff has at all times paid taxes levied upon its right of way. Plaintiff has never taken actual possession of the said strip of land, but its fence on the south side of its railway, so far as built, and its use of the land at said point, has been confined to a strip of land 100 feet in width. In December, 1904, plaintiff brought this action to secure possession of so much of said land as is situated within defendant's inclosure. Defendant answered, denying plaintiff's title and right of possession. There was a trial to the court, and judgment for defendant. Plaintiff appeals.

The briefs of counsel contain a learned and instructive argument relative to the law of adverse possession as applied to a railroad right of way, but we do not consider that subject an important one in the instant case. Plaintiff did not acquire the land in dispute by condemnation proceedings, but by warranty deed. It thereby acquired a fee simple title thereto. *Hull v. Kansas City & O. R. Co.,* 70 Neb. 756. Part of the consideration for said deed was a promise that plaintiff should construct a depot within certain described bounds, and it was provided that, in case there should be a change in the use of said building or it should be removed or abandoned, the real estate should revert to the grantors. This condition did not limit the estate conveyed to a mere easement, although the condition may be enforced if circumstances warrant. *Jetter v. Lyon,* 70 Neb. 429. There is nothing in the record to suggest that defendant was not a *bona fide* purchaser, and

what little evidence there may be on this subject points to the conclusion that he comes within that designation.

Section 10816, Ann. St. 1907, provides: "All deeds, mortgages, and other instruments of writing which are required to be recorded shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice whose deeds, mortgages or other instruments shall be first recorded; provided, that such deeds, mortgages, and instruments shall be valid between the parties." Defendant is plainly within the protection of this statute, unless plaintiff is correct in its argument that, as it appeared from the admission of defendant that plaintiff had operated a line of commercial railway continuously since in 1890 over its track on the 200-foot strip of land adjacent to the real estate in dispute, such possession was notice to the world of its rights to the limits of its grant. Many authorities may be cited to sustain the proposition that, where a railway by its charter or the law itself is limited to a certain width of right of way its possession of any part thereof for railway purposes will be notice to the world of its title to all of its right of way at said point but those authorities are not pertinent in the instant case. A railway in Nebraska is only permitted to condemn a right of way 100 feet in width on each side of the center of its track, except a greater amount may be needed for depot grounds, wood or water stations, or for embankments, excavations, or the depositing of waste earth excavated in the construction of the railway. The extra strip of land in the instant case was not needed for any of said purposes. The plaintiff did not at any time take actual possession of any part thereof or exercise any control over it, but its entire conduct was consistent with Foxes' ownership thereof and right to sell and convey the same. There was nothing to

indicate that plaintiff had acquired, by deed or condemnation, ownership to, or an easement in, more than 100 feet in width of the land south of its railway. The land in question was separated from this strip by a public highway, and the record fails to disclose any affirmative act of plaintiff, prior to service of notice just before this suit was commenced, that would suggest to any person that it had any interest in the land in litigation in this action. We think that this case comes within the reasoning of Mr. Justice SEDGWICK in *Millard v. Wegner,* 68 Neb. 574, and that, because of plaintiff's failure to record its deed or to perform any visible act to warn purchasers that it owned the land involved in this action, defendant should prevail.

The judgment of the district court is therefore

AFFIRMED.