### UIHLEIN et al. v. MATTHEWS.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1904.)

1. DEED—REFORMATION—MISTAKE.

   Plaintiff had a right of way over defendant's lot, and defendant had covenanted with plaintiff not to use the building thereon for the sale of liquor. Defendant, having trouble in getting a loan on her lot, because of uncertainty as to title to a strip of land next to plaintiff's lot, for the purpose only of obviating the difficulty, applied to and got a quitclaim of plaintiff, broad enough in its terms to cover a release of the covenant against use for saloon purposes, it excepting only from its terms plaintiff's right of way, and not referring to the covenant against use for saloon purposes, though no reference thereto had been made in their negotiations. *Held*, that the deed should be reformed so as not to release such covenant.

Appeal from Special Term, Monroe County.

Action by August Uihlein and another against Margaret Matthews. From a judgment on a decision dismissing the complaint with costs, plaintiffs appeal. Reversed.

See 68 N. Y. Supp. 309.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Henry M. Hill, for appellants.
George E. Milliman, for respondent.

HISCOCK, J.  This action was brought to secure the reformation of a quitclaim deed executed by the plaintiff McManus to the defendant, Matthews, so that it would exempt from its operation, and not affect, the provisions of a certain contract theretofore made between the parties thereto, whereby the defendant was restrained from using her premises for saloon purposes for a certain period.  The learned trial justice before whom the case was tried found, and decided upon the merits, that the plaintiffs did not establish a case for such relief, and therefore dismissed their complaint as above stated.  In this determination we think he committed such error as to call for a reversal of the judgment appealed from.

The plaintiff McManus and the defendant, Matthews, were owners of adjoining lots in the city of Rochester, the lands of the latter lying east of those of the former.  The plaintiff Uihlein is a subsequent grantee of, and present lessor to, McManus.  In 1898 an agreement was made whereby, amongst other things, McManus granted to Mrs. Matthews a strip of land 3½ inches wide upon his easterly line, and the right to use the easterly wall of the building upon his lot as her westerly wall, and Mrs. Matthews granted, upon her part, to McManus, for a limited period, a right of way over her premises, and also covenanted and agreed that she would "not use or allow her said building [then to be erected] to be used or occupied for a period of five years from the date of said [this] instrument, as a place for the sale of ales, beers, wines or liquors."  Defendant, having erected her building and made use of McManus's wall, in September of said year applied for a loan upon her property, and it then developed that there was some question about her title to a strip of land 2½ feet in width east of the McManus property—just where, being uncertain.  In other words, there seems to have been a surplus of 2½ feet in this portion of the block to which McManus might make a claim.  For the purpose of clearing title, application was made by and in behalf of defendant to him for a quitclaim deed of the premises east of his land.  This was subsequently executed, and is the source of the present controversy.  Its terms of conveyance were broad enough to cover any right which McManus had or might claim to have in and to defendant's premises upon which she desired to secure her loan.  It duly excepted from its operation plaintiff's right of way hereinbefore mentioned, but did not except from its operation the clause hereinbefore mentioned restraining defendant from using her land for saloon purposes, and the plaintiffs now desire to have it reformed so as to accomplish this purpose.

The Trial Court upon a former trial, and this court upon appeal from that trial, held, in effect, that no clause of exception was necessary in said deed in order to prevent it from cutting off and canceling said restrictive covenant, but the Court of Appeals by a divided vote reversed such decision (172 N. Y. 154, 64 N. E. 792), holding, in substance, that the entire nature and character of the transaction resulting in the execution of said deed was not sufficient to prevent it from affecting said clause, and that a reformation thereof would be necessary in order to

prevent it from accomplishing such result. It seems to us very plain that the reformation should be had, and that the determination reached by the Trial Court was not at all warranted by the evidence. The testimony of the plaintiff McManus is very clear and positive to the effect that the agreement between him and the defendant was for the execution of a deed which should perfect the latter's title to the 2½ feet about which question had been raised; that this was the sole purpose of the deed, and that he had no intention whatever of releasing defendant from the prohibition against using her premises for saloon purposes; that he was assured by defendant's son (who represented her), in substance, that the deed could not possibly harm him or take away from him any material rights. The son, upon the trial of the action, quibbled in his evidence, and attempted to escape the admission that the sole and only purpose of the deed was as stated by Mc-. Manus. If the issue of the action rested simply upon the testimony of these two men, it might very well be held that there was such a question of fact as fairly warranted the trial justice in finding that there was no such mistake or fraud as to the deed as would call for or even permit a reformation thereof. But the evidence of other witnesses, either indifferent to the parties or called in behalf of the defendant, and especially that of the person from whom defendant was seeking to make her loan, and of the attorney who represented her in her negotiations with plaintiff for the deed, and the allegations of the complaint in the action which was finally started to compel McManus to give a deed, all make it clear and certain, beyond any reasonable doubt whatever, that defendant had encountered trouble in procuring a loan on account of the uncertainty as to her title to the 2½ feet of land, and that the only object of a deed from McManus was to cure this trouble. Such evidence does not disclose that there was any objection to or trouble over the clause limiting defendant's use of the premises, or any reason for ridding the latter from the effect thereof. The evidence of defendant's attorney in those proceedings shows that his efforts were directed entirely and exclusively to perfecting her title in the strip above mentioned. To our minds the fact especially impressed upon our attention by respondent's counsel, that no reference was made in the negotiations between defendant's and plaintiffs' attorneys to the restrictive condition, is very potent evidence on behalf of plaintiff that there was no intention to cut it off by the deed in question. All of the probabilities surrounding the case are opposed to the idea of a deed intended to cut off this clause. Defendant had no need for it, and McManus had no object in giving it. Independent of any other consideration, there was then being maintained upon his premises a traffic in liquors which presumably would be injured by the establishment of a similar business upon the adjoining premises, which did, in fact, take place immediately after this deed was executed. Upon all of the evidence, we have no difficulty in reaching the determination that the minds of the parties came together simply and solely in an agreement for a deed to cure the apparent defect in defendant's title to the strip of land referred to, and that there never was any contract for anything else. It is equally clear that McManus executed the deed, which did in fact effect more than this, through a mistake which

was the result of ignorance or inadvertence. If we give to defendant's son, who represented her, credit for sincerity in the assurances which McManus says he gave, he, too, misapprehended the effect of the conveyance which was being executed. In view of the difficulty which the courts themselves have had in deciding whether the deed did affect the clause in question, it is very easy to believe that the parties and their attorneys entirely failed to think of and guard against this result.

It is not necessary for us to go farther in our conclusions than to hold that the parties, through ignorance, inadvertence, or lack of appreciation of their acts, have made a contract different than was intended. It is well settled that under such circumstances a court of equity will give relief by so changing the instrument that as written it will conform to the agreement as made. Curtis v. Albee, 167 N. Y. 364, 60 N. E. 660; Avery v. Equitable Life Assur. Soc., 117 N. Y. 451, 23 N. E. 3. The judgment should be reversed, and a new trial granted upon the merits.

Judgment reversed, and new trial granted, with costs to appellant to abide event upon both the law and the facts. All concur.